IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Oberweis Dairy, Inc., *et al.*,[1] | ) | Case No. 24-05385 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable David D. Cleary |
| | ) | |

**ORDER: (a) APPROVING SALE PROCESS, INCLUDING A STALKING HORSE
ASSET PURCHASE AGREEMENT; (b) APPROVING PROCEDURES FOR
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; (c) APPROVING FORM NOTICES; (d) EXCUSING
PAGE LIMIT; AND (e) SCHEDULING A PUBLIC AUCTION
AND A SALE APPROVAL HEARING**

Upon the motion (the **"Sale Motion"**) of Oberweis Dairy, Inc., The Oberweis Group, Inc.,

North Aurora Ice Cream, LLC, TOGI RE I, LLC, Third Millennium Real Estate L.L.C., and TOGI

Brands, LLC, debtors and debtors in possession (collectively, the **"Debtors"**) in the above-

captioned chapter 11 case (the **"Chapter 11 Case"**), for the entry of: (i) an order (the **"Sale**

**Procedures Order"**): (a) establishing procedures for the sale of all, or substantially all, of the

Debtors' assets (the **"Asset Sale"**), including a stalking horse asset purchase agreement with bid

protection and a break-up fee, together with a form asset purchase agreement for non-stalking-

horse bidders in bulk or in lots; (b) establishing procedures relating to the assumption and

assignment of executory contracts and unexpired leases; (c) approving form notices of the sale and

other form notices; (d) excusing the page limit under the Court's local rules; and (e) scheduling a

public auction and sale approval hearing; and (ii) an order (the **"Sale Approval Order"**): (x)

---

[1] The Debtors in these cases, and the last four digits of their respective federal employer identification numbers, are
Oberweis Dairy, Inc. ('7516); The Oberweis Group, Inc. ('1378); North Aurora Ice Cream, LLC ('8506); TOGI RE
I, LLC ('5952); Third Millennium Real Estate L.L.C. ('1589); and TOGI Brands, LLC ('7072).

approving the sale of the Debtors' assets free and clear of claims, liens, and encumbrances; (y) approving the assumption and assignment of certain executory contracts and unexpired leases; and (z) granting related relief (the "**Motion**"); it appearing that the relief requested in the Sale Motion seeking entry of the Sale Procedures Order is in the best interest of the Debtors' estates and their creditors; this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the Sale Motion and the opportunity to object to entry of the Sale Procedures Order being a core proceeding pursuant to 28 U.S.C. § 157; adequate notice of the Sale Motion's request for entry of the Sale Procedures Order having been given to all parties entitled thereto; and it appearing that no other notice need be given or is required under the circumstances except as set forth herein; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES THAT:** [2]

A.    The Debtors have articulated good and sufficient reasons for approval of the Approved Bidding Procedures, and the Break-Up Fee and Initial Overbid Amount (collectively, the "**Bid Protection**"), in connection with the sale of the Sale Assets.

B.    The Approved Bidding Procedures and the Bid Protection are reasonable and appropriate to maximize the return for the Sale Assets;

C.    The Break-Up Fee is:

    i.    A fair and reasonable inducement for the Stalking Horse to submit the Stalking Horse Bid as a minimum bid on which the Debtors, their creditors, and other Bidders can rely to create a market for the Sale Assets;

    ii.    Commensurate to the real and substantial benefit that the Stalking Horse Bid will confer upon the estates of the Debtors;

---

[2] Capitalized terms not otherwise defined herein shall have the respective meanings ascribed thereto in the Approved Bidding Procedures (as defined below), attached hereto as <u>Exhibit A</u>.

iii.     Reasonable and appropriate, considering the size and nature of the proposed

sale and comparable transactions, the commitments to be made, and the

efforts expended and to be expended by the Stalking Horse in connection

with the Stalking Horse APA;

iv.     Necessary to induce the Stalking Horse to pursue the Asset Sale and to be

bound by the Stalking Horse APA; and

v.     A necessary cost of the sale.

**NOW, THEREFORE, IT IS HEREBY ORDERED, EFFECTIVE IMMEDIATELY:**

1.     The request in the Sale Motion seeking entry of the Sale Procedures Order and other

relief is hereby granted in the manner and to the extent provided herein, with this Order serving as

the entered and approved Sale Procedures Order.

2.     The Stalking Horse APA filed on the docket as ECF No. 56 is hereby deemed to be

and shall constitute the Stalking Horse Bid under the Approved Bidding Procedures and the Bid

Protection described in the Stalking Horse Bid be and is hereby approved.

3.     The Form APA filed on the docket as ECF No. 57 is hereby deemed to be and shall

constitute the Form APA under the Approved Bidding Procedures. The Debtors are authorized but

not directed in their reasonable discretion (after consultation with the Constituent Parties), to revise

the Form APA. Notwithstanding the foregoing, should a Constituent Party object to the actions

taken by the Debtors hereunder, such Constituent Party shall have the right to seek expedited relief

before the Bankruptcy Court to present its objection (the "**Constituent Party Objection Rights**").

4.     The bidding procedures set forth in the *Approved Bidding Procedures* attached

hereto as **Exhibit A** and expressly made a part hereof and incorporated herein (the "**Approved**

**Bidding Procedures**") are hereby approved. The Debtors are hereby permitted, in their reasonable

discretion, to revise the Approved Bidding Procedures (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights), or further Order of Court. The Debtors shall file a notice of any amendment to the Approved Bidding Procedures with the Court within 24 hours after such authorization or order of the Court; provided, however, that for any authorized amendment occurring within 24 hours of the commencement of the Auction or at the Auction itself, it shall be sufficient for such amendment to be announced at the Auction and no notice of such amendment need be filed with the Court.

5.      All persons or entities who submit a Qualified Bid for any of the Sale Assets shall be deemed to have read and understood the terms and conditions of the Approved Bidding Procedures and must comply with, and will be bound by, the Approved Bidding Procedures.

6.      The *Summary Notice of Sale of All or Substantially All Assets of Debtors* attached hereto as **Exhibit B** and expressly made a part hereof and incorporated herein (the "**Summary Sale Notice**") is hereby approved.

7.      All objections to the Sale Motion or the relief requested therein, to the extent they pertain to the entry of this Sale Procedures Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled.

8.      The Debtors are hereby authorized and empowered to take such steps and perform such actions as may be necessary to implement and effect the sale process contemplated by, and consistent with, this Sale Procedures Order.

9.      The deadline for the submission of the Qualified Bids (the "**Bid Deadline**") shall be on or before 5:00 p.m. (prevailing Central time) on May 24, 2024; provided, however, that the Debtors may (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights) consider and accept late bids received prior to or at the Auction.

10. The auction (the **"Auction"**) for the Sale Assets shall take place on May 29, 2024, at 10:00 a.m. (prevailing Central time) at the offices of Adelman & Gettleman, Ltd., 53 West Jackson Blvd., Suite 1050, Chicago, Illinois 60604, or such later time or other place as the Debtors (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights) shall notify all Qualified Bidders and all Noticed Parties (as defined below). In the event that the Stalking Horse is the only Qualified Bidder, or the Debtors receive one or more Qualified Bids for a sale in one or more Lots which the Debtors in their reasonable discretion (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights) do not believe to be a higher or otherwise better bid than the Stalking Horse Bid when taking into account the Break-Up Fee, then the Debtors (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights) shall have the right, but not the obligation, to cancel the Auction and proceed directly to the Sale Hearing (as defined below) to seek entry of the Sale Approval Order approving the Stalking Horse APA.

11. In the event the Debtors are obligated to pay the Break-Up Fee, such fee shall be paid at closing only out of the Debtors' proceeds from the sale of the Sale Assets. The Break-Up Fee shall not be entitled to treatment as an allowed administrative priority claim under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

12. In the event the Debtors are not obligated to pay the Break-Up Fee as a result of a Prevailing Bidder's Failure to Close, no claim against any of the Debtors' estates will arise on account of the Break-Up Fee.

13. The Court shall conduct a hearing to consider approval of the Asset Sale (the "**Sale Hearing**") and entry of the Sale Approval Order, on June 5, 2024 at 1:00 p.m. at the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal Building, 219

S. Dearborn Street, Courtroom 644, Chicago, Illinois 60604, or such later time or other place as

the Debtors shall notify all Qualified Bidders and all Noticed Parties, to consider the sale and enter

the Sale Approval Order.

14.     All objections to the sale of the Sale Assets and entry of the Sale Approval Order

must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules for the U.S.

Bankruptcy Court for the Northern District of Illinois, Eastern Division; (c) be filed on or before

5:00 p.m. (prevailing Central time) on June 3, 2024 (the **"Sale Objection Deadline"**), with the

Clerk of the United States Bankruptcy Court, Northern District of Illinois, Eastern Division,

Dirksen Federal Building, 219 S. Dearborn Street, Room 713, Chicago, Illinois 60604 (the "**Court**

**Clerk**"), so as to be received on or before the Sale Objection Deadline by, the following parties

(collectively, the "**Noticed Parties**"): (i) counsel to the Debtors, Howard L. Adelman, Adam P.

Silverman, and Alexander F. Brougham of Adelman & Gettleman, Ltd., 53 West Jackson

Boulevard, Suite 1050, Chicago, Illinois, 60604; (ii) counsel to CIBC Bank USA ("**CIBC**"), Eric

S. Rein of Kilpatrick Townsend & Stockton, LLP, 500 West Madison Street, Suite 3700, Chicago,

Illinois 60661; (iv) the Office of the United States Trustee, 219 S. Dearborn Street, Room 873,

Chicago, Illinois 60604; (v) counsel for the Committee, Steve Jakubowski and Carolina Y. Sales,

Robbins DiMonte, Ltd., 180 N. LaSalle St., Suite 3300, Chicago, Illinois 60601. For avoidance of

doubt, service to the Noticed Parties through the Court's CM/ECF system shall expressly satisfy

the service requirement. To be heard by the Court at the Sale Hearing, all objections must be timely

filed and state with reasonable specificity the nature of each objection to the sale of the Sale Assets

or entry of the Sale Approval Order.

15.     No later than 11:59 p.m. (prevailing central time) on May 21, 2024, the Debtors shall file Schedule H to the Stalking Horse APA (the "**Stalking Horse Executory Contract Assumption Schedule**").

16.     No later than 11:59 p.m. (prevailing central time) on the first business day immediately following the filing of the Stalking Horse Executory Contract Assumption Schedule, the Debtors shall file a notice with the Court and serve same, by facsimile, overnight delivery, or such other form of notice authorized by the recipient (including CM/ECF and/or email), to any non-Debtor party to any executory contract or unexpired lease whose assumption and assignment is contained in the Stalking Horse Executory Contract Assumption Schedule (collectively, the "**Executory Contracts/Leases**," and each, an "**Executory Contract/Lease**"), substantially in the form attached hereto as **Exhibit C,** which is expressly made a part hereof and incorporated herein (the "**Assumption Notice**"). The Assumption Notice shall (a) state the cure amounts that the Debtors reasonably believe are necessary to assume and assign each such Executory Contracts/Leases pursuant to Section 365 of the Bankruptcy Code (the "**Cure Amount(s)**"); and (b) notify the non-Debtor party that such party's Executory Contract/Lease may be assumed and assigned to any purchaser of the Sale Assets who is the Prevailing Bidder or Back-Up Bidder at the Auction and agrees (x) to the Cure Amount to such Executory Contract/Lease set forth in the Assumption Notice or (y) to such other amount that is acceptable to the Debtors (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights) (the "**Proposed Assumption/Assignment**"). In addition, on or before 11:59 p.m. on May 26, 2024, the Debtors shall promptly send a supplemental notice (a "**Supplemental Assumption Notice**") by facsimile, overnight delivery, or such other form of notice authorized by the recipient (including CM/ECF and/or email) to the applicable counterparties to any additional Executory Contracts/Leases not

included on the Stalking Horse Executory Contract Assumption Schedule that are proposed to be assumed as of the Qualified Bid Deadline by the Stalking Horse Bidder or any other Qualified Bidder. This Supplemental Assumption Notice shall set forth for such applicable counterparties the same information as is required by the Assumption Notice. A Supplemental Assumption Notice shall also be sent to any applicable counterparties to Executory Contracts/Leases identified in any Qualified Bid received by the Debtors as of 11:59 p.m. on May 26, 2024, where such counterparties' Cure Amount contained in that Qualifying Bid (which amount shall be specifically quantified in the Supplemental Assumption Notice) is less than the Cure Amount set forth in the Assumption Notice.

17.    The deadline for a non-Debtor party to an Executory Contract/Lease (a "**Contract/Lease Counterparty**") to file and serve an objection (a "**Cure Amount/Assignment Objection**") to the Cure Amount or Proposed Assumption/Assignment of such Executory Contract/Lease in an Assumption Notice or Supplemental Assumption Notice shall be 5:00 p.m. prevailing Central time, on June 4, 2024 (the "**Cure Amount/Assignment Objection Deadline**"). A Cure Amount/Assignment Objection must include any objection relating to the adequacy of assurance of future performance regarding such Executory Contract/Lease by the Prevailing Bidder(s) or the Back-Up Bidder(s) (the "**Adequate Assurance Objection**"), which shall also be filed by the Cure Amount/Assignment Objection Deadline. Parties to Executory Contracts/ Leases may obtain proof of adequate assurance of future performance by Qualified Bidders by written request to the Debtors' counsel after the Bid Deadline.

18.    Cure Amount/Assignment Objections, including Adequate Assurance Objections, must be both (a) filed with the Court Clerk and (b) served upon all Noticed Parties on or before

the Cure Amount/Assignment Objection Deadline. For avoidance of doubt, service to the Noticed

Parties through the Court's CM/ECF system shall expressly satisfy the service requirement.

19.    Subject to timely and effective service of the Assumption Notice (and if applicable

the Supplemental Assumption Notice), then to the extent that a Contract/Lease Counterparty fails

to timely file and serve a Cure Amount/Assignment Objection as provided herein, then such

Contract/Lease Counterparty:

a.  Will be forever barred from objecting to the Cure Amount and from

asserting any additional cure amounts with respect to such Executory

Contract/Lease, and the Debtors shall be entitled to rely solely upon the Cure

Amount; and

b.  Will be deemed to have consented to the assumption, assignment and/or

transfer of such Executory Contract/Lease, and will be forever barred and estopped

from asserting or claiming against any of the Debtors, the Prevailing Bidder(s)

and/or the Back-Up Bidder(s), or any other assignee of the relevant Executory

Contract/Lease that any additional amounts are due or defaults exist, or conditions

to assumption, assignment and/or transfer must be satisfied, under such Executory

Contract/Lease.

c.  Will be barred from asserting an Adequate Assurance Objection.

20.    If an objection challenges a Cure Amount, the objection must set forth the cure

amount being claimed by the objecting party (the "**Claimed Cure Amount**") with the appropriate

documentation in support thereof. Upon receipt of a Cure Amount/Assignment Objection, the

Debtors are authorized, but not directed (after consultation with the Constituent Parties, subject to

the Constituent Party Objection Rights) to resolve any Cure Amount/Assignment Objection by

mutual agreement with the objecting party to any Executory Contract/Lease without further order of the Court. In the event that the Debtors and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection prior to the Sale Hearing, the Court will attempt to resolve any such Cure Amount/Assignment Objection at the Sale Hearing. To the extent necessary, the Debtors (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights) shall arrange for the Debtors, the Prevailing Bidder(s), the Back-Up Bidder(s), or any other party, as the case may be, to escrow all disputed Claimed Cure Amounts pending resolution with the Court.

21.    The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest by announcement of said adjournment in open court and corresponding entry on the main docket of this jointly administered case identifying the next scheduled date(s) of the continued Sale Hearing.

22.    Pursuant to Bankruptcy Rules 2002(a) and 6004, and in lieu of notice of the Sale Motion being served by the Clerk of this Court, the Debtors be and are hereby ordered and directed to serve copies of this Sale Procedures Order and its exhibits by regular United States mail within two (2) business days after entry of this Sale Procedures Order to the last known business address of the following parties, if such parties are not represented by counsel who has filed an appearance in the Chapter 11 Cases: (a) counsel for each of the Constituent Parties; (b) all known parties to the Debtors' executory contracts and unexpired leases; (c) the United States Trustee's Office for Region 11; (d) all entities reasonably known by the Debtors (or their representatives and retained professionals) to have asserted a lien or security interest in the Sale Assets; (e) the District Director of the Internal Revenue Service for the Northern District of Illinois; (f) the Office of the Attorney General of Illinois; (g) all taxing authorities identified in the creditor matrices filed in the Chapter

11 Cases; and (h) all equity security holders of the Debtors. Additionally, in lieu of notice of the Sale Motion being served by the Clerk of this Court, the Debtors be and are hereby ordered and directed to serve copies of the Summary Sale Notice by regular United States mail within three (3) business days after entry of this Sale Procedures Order upon all known creditors in these Chapter 11 Cases and all other persons or entities listed on the Debtors' filed matrices whose mail has not been returned as undeliverable. Notice provided in accordance with this Order is hereby found to be adequate and sufficient notice of the relief sought in the Sale Motion, including the sale of the Sale Assets and the assumption and assignment of Executory Contracts/Leases.

23.     Any interested party may obtain a copy of the Stalking Horse APA, the Form APA, the Sale Motion, any exhibits attached thereto, and/or any proposed Sale Approval Order upon written request directed to counsel for the Debtors, Adelman & Gettleman, Ltd., Attn: Howard L. Adelman, Adam P. Silverman, and Alexander F. Brougham, 53 West Jackson Blvd., Chicago, Illinois 60604 hadelman@ag-ltd.com; asilverman@ag-ltd.com; abrougham@ag-ltd.com).

24.     Except as otherwise provided in this Sale Procedures Order, the Debtors reserve the right, as they may reasonably determine to be in the best interests of their estates (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights) to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid or combination of Qualified Bids is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; and (d) reject any bid that is: (i) inadequate or insufficient; (ii) not in conformity with the requirements of the Approved Bidding Procedures or the requirements of the Bankruptcy Code; or (iii) contrary to the best interests of the Debtors and their estates; provided, however, that no bid shall be rejected solely on the basis that it is a credit bid. The Debtors (after consultation with the Constituent Parties, subject to the

Constituent Party Objection Rights) further reserve all rights to impose, at or prior to the Auction, reasonable additional terms and conditions on the sale of the Sale Assets, to reasonably extend or adjourn any deadlines set forth herein (other than with respect to service of the Assumption Notice and the Supplemental Assumption Notice), and to take any other actions with respect to the Auction, the Sale Hearing, or the sale of the Sale Assets which in their business judgment are reasonably necessary to preserve the bankruptcy estate or maximize the value thereof.

25.     The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Sale Procedures Order shall be effective immediately upon its entry.

26.     The fifteen-page limit under Local Rule 5005-3(D) is excused with respect to the Motion.

27.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Sale Procedures Order.

28.     Absent further order of Court, non-public Financial Qualifications disclosed by any Bidder to the Debtors or the Constituent Parties in connection with bids for the Asset Sale may not be (a) used by any of the Debtors or the Constituent Parties, their agents, or representatives, for any purpose other than evaluating or comparing bids for the Sale Assets; or (b) disclosed by the Debtors or the Constituent Parties to any party that is not (i) another Constituent Party; (ii) the agent or representative of another Constituent Party; (iii) the Court; (iv) a representative of the Office of the United States Trustee; or (v) a Contract/Lease Counterparty that has requested proof of adequate assurance of future performance under its Executory Contract/Lease.

29.     The Debtors shall file with the Court a proposed Sale Approval Order no later than

5:00 p.m. prevailing Central time on Friday, May 31, 2024.

Dated: May 3, 2024                    ENTER:

 

_____

UNITED STATES BANKRUPTCY JUDGE

*This order prepared by:*
Howard L. Adelman, Esq. (ARDC #0015458)
Henry B. Merens, Esq. (ARDC # 6181695)
Adam P. Silverman, Esq. (ARDC #6256676)
Alexander F. Brougham, Esq. (ARDC #6301515)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Telephone No. (312) 435-1050

<u>Exhibit A</u> to

*Order: (a) Approving Sale Process, Including a Stalking Horse Asset Purchase Agreement; (b) Approving Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases; (c) Approving Form Notices; (d) Excusing Page Limit; and (e) Scheduling a Public Auction and a Sale Approval Hearing*:

**Approved Bidding Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Oberweis Dairy, Inc., *et al.*,[1] | ) | Case No. 25-05385 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable David D. Cleary |
| | ) | |

**NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO THE NON-DEBTOR PARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

**PLEASE TAKE NOTICE AS FOLLOWS:**

l.      **Chapter 11 Cases** - On _____, 2024, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division entered an order (the "**Sale Procedures Order**")[2] in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**") of Oberweis Dairy, Inc., The Oberweis Group, Inc., North Aurora Ice Cream, LLC, TOGI RE I, LLC, Third Millennium Real Estate L.L.C., and TOGI Brands, LLC (collectively, the "**Debtors**") approving, among other things, the process for fixing the cure amounts related to the Debtors' potential assumption, assignment and/or transfer of certain executory contracts, unexpired leases and other agreements (the "**Executory Contracts / Unexpired Leases**") in connection with the sale of all or substantially all the Debtors' assets and business as a going concern (the "**Asset Sale**").

2.      **Notice of Proposed Assignment and Cure Amount** - Set forth on <u>Exhibit A</u> is a list of Executory Contracts / Unexpired Leases that the Debtors *may potentially seek to have assumed and assigned to the Prevailing Bidder(s) or Back-Up Bidder(s) at the Sale Hearing*. **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES LISTED IN <u>EXHIBIT A</u>.** <u>Exhibit A</u> also contains the cure amounts the Debtors' books and records reflect are necessary to assume and assign such Executory Contracts / Unexpired Leases

---

[1] The Debtors in these cases, and the last four digits of their respective federal employer identification numbers, are Oberweis Dairy, Inc. ('7516); The Oberweis Group, Inc. ('1378); North Aurora Ice Cream, LLC ('8506); TOGI RE I, LLC ('5952); Third Millennium Real Estate L.L.C. ('1589); and TOGI Brands, LLC ('7072).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Sale Procedures Order or Approved Bidding Procedures, as the case may be, copies of which may be obtained as set forth in Paragraph 6 hereof.

1320702_3

pursuant to section 365 of the Bankruptcy Code (each a "**Cure Amount**"). The Debtors believe that the payment of each Cure Amount will cure any and all defaults and pecuniary losses under the corresponding Executory Contract / Unexpired Lease. Each Executory Contract / Unexpired Lease may be assumed and assigned to any purchaser of the Debtors' assets who is the Prevailing Bidder or the Back-Up Bidder at the Asset Sale and agrees (i) to the corresponding Cure Amount or (ii) to such other amount that is acceptable to the Debtors (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights). If the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to the Prevailing Bidder(s) or Back-Up Bidder(s) not set forth in this Notice, the Debtors will promptly send a supplemental notice (a "**Supplemental Assumption Notice**") to the non-Debtor parties to such additional executory contracts and unexpired leases. In addition, on or before 11:59 p.m. on May 26, 2024, the Debtors shall promptly send the Supplemental Assumption Notice by facsimile, overnight delivery, or such other form of notice authorized by the recipient (including CM/ECF and/or email) to the applicable counterparties to any additional Executory Contracts / Unexpired Leases not included on Exhibit A hereto that are proposed to be assumed as of the Qualified Bid Deadline by the Stalking Horse Bidder or any other Qualified Bidder. This Supplemental Assumption Notice shall set forth for such applicable counterparties the same information as is required by the Assumption Notice. A Supplemental Assumption Notice shall also be sent to any applicable counterparties to Executory Contracts / Unexpired Leases identified in any Qualified Bid received by the Debtors as of 11:59 p.m. on May 26, 2024, whose Cure Amount in that Qualifying Bid (which amount shall be specifically quantified in the Supplemental Assumption Notice) is less than the Cure Amount set forth on Exhibit A hereto.

      3.    **Assumption and Cure Objections** - Any objection of a non-Debtor party to an Executory Contract / Unexpired Lease to the Cure Amount set forth in Exhibit A to this Notice or to the proposed assumption and assignment of such Executory Contract / Unexpired Lease (a "**Cure Amount/Assumption Objection**") must (a) be in writing, and (b) provide the basis for the objection, including any cure amount claimed to be due with supporting documentation. To be considered a timely Cure Amount/Assumption Objection, the Cure Amount/Assumption Objection must be filed with the Clerk of the U.S. Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal Building, 219 S. Dearborn Street, Room 713, Chicago, Illinois, and served upon: (i) counsel to the Debtors, Howard Adelman, Adam Silverman, and Alexander F. Brougham of Adelman & Gettleman, Ltd., 53 West Jackson Boulevard, Suite 1050, Chicago, Illinois 60604; (ii) counsel to CIBC Bank USA, Eric S. Rein of Kilpatrick Townsend & Stockton LLP, 500 West Madison Street, Suite 3700, Chicago, Illinois 60661; (iii) the Office of the United States Trustee for Region 11, 219 S. Dearborn Street, Room 873, Chicago, Illinois 60604; and (iv) counsel to the Official Committee of Unsecured Creditors, Steve Jakubowski and Carolina Sales of Robbins DiMonte, Ltd., 180 North LaSalle Street, Suite 3300, Chicago, Illinois 60601, by **5:00 p.m. CDT on June 4, 2024** (the "**Cure Amount/Assumption Objection Deadline**"). For avoidance of doubt, service of a Cure Amount/Assumption Objection to the foregoing persons through the Court's CM/ECF system will expressly satisfy the service requirement. A Cure Amount/Assignment Objection must include any objection relating to the adequacy of assurance of future performance regarding such Executory Contract/Lease by the Prevailing Bidder(s) or the Back-Up Bidder(s) (the "**Adequate Assurance Objection**"), which shall also be filed by the Cure Amount/Assignment Objection Deadline.

      4.    **Assumption and Cure Objection Hearing** - In the event that the Debtors and any

1320702_3

objecting party are unable to consensually resolve any Cure Amount/Assignment Objection prior to the Sale Hearing, the Court will attempt to resolve any such Cure Amount/Assignment Objection and any Adequate Assurance Objection at the hearing to consider approval of the Asset Sale, to be held on **June 5, 2024 at 1:00 p.m. CDT** at the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal Building, 219 S. Dearborn, Courtroom 644, Chicago, Illinois 60604, or such other time as may be ordered by the Court (the "**Sale Hearing**"). To the extent necessary, the Debtors (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights) shall arrange for the Debtors, the Prevailing Bidder(s), the Back-Up Bidder(s), or any other party, as the case may be, to escrow all disputed Claimed Cure Amounts pending resolution with the Court. **Please be advised that if you do file an objection you and/or your attorney will be expected to attend the Sale Hearing or the Court may grant the relief sought in the Sale Motion over such written objection.** Appearance by Zoom may be permitted in accordance with the Court's local rules and procedures.

5.      **If No Cure Amount/Assumption Objection is Timely Filed** - If a Cure Amount/Assumption Objection, including an Adequate Assurance Objection, is <u>not</u> timely filed and served by the Cure Amount/Assumption Objection Deadline with respect to any Executory Contract / Unexpired Lease, then (a) the Debtors will be authorized, but not directed, to assume and assign such Executory Contract / Unexpired Lease; (b) the Cure Amount set forth in this Notice or the Supplemental Assumption Notice will constitute the final determination of the total Cure Amount required to be paid by the Debtors on such Executory Contract / Unexpired Lease pursuant to 11 U.S.C. § 365 for purposes of the Sale Order; and (c) the non-Debtor party to such Executory Contract / Unexpired Lease will be: (i) forever barred and estopped from objecting to the Cure Amount or seeking any additional cure payments on such Executory Contract / Unexpired Lease, whether from the Debtors, the Prevailing Bidder(s), any Back-Up Bidder(s), or any other assignee; (ii) deemed to have waived any right to terminate such Executory Contract / Unexpired Lease as a result of any default which may have occurred under such Executory Contract / Unexpired Lease prior to the assumption date to the extent such Executory Contract / Unexpired Lease is identified as a Sale Asset and assigned to the Prevailing Bidder(s), Back-Up Bidder(s), or any assignee thereof; (iii) deemed to have agreed that the Sale Procedures Order applies and is enforceable with respect to the assumption and assignment of such Executory Contract / Unexpired Lease; (iv) deemed to have agreed that all defaults under such Executory Contract / Unexpired Lease arising or continuing prior to the assumption date have been fully cured and satisfied; (v) barred from asserting an Adequate Assurance Objection; and (vi) deemed to have consented to the assumption, assignment, and transfer of such Executory Contract / Unexpired Lease to the Prevailing Bidder(s), Back-Up Bidder(s) or any assignee thereof on all matters.

6.      **Requests for Copies and Information** - Copies of the Sale Motion and exhibits thereto, the Bidding Procedures Order, and/or the proposed Sale Order may be obtained by: (a) accessing the case docket at <u>www.cptgroupcaseinfo.com/OberweisDairyInc/</u>; or (b) written request to the Debtors' counsel, Adelman & Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, IL 60604, Attn: Howard Adelman, Adam Silverman, and Alexander Brougham. Any inquiries regarding the information provided herein should be directed to the Debtors' counsel at the address noted below.

7.      **Proof of Adequate Assurance** - Parties to Executory Contracts / Unexpired Leases may obtain proof of adequate assurance of future performance by potential purchasers by written request to the Debtors' counsel after the Bid Deadline, subject to certain confidentiality requirements set forth in the

1320702_3

Sale Procedures Order.

8.  **Notice** - This Notice is made expressly subject to the Sale Motion, the Sale Procedures Order, and the Approved Bidding Procedures. To the extent that this Notice is inconsistent with the terms contained in the Sale Procedures Order, the Sale Procedures Order shall control.  Notwithstanding the reference to any contract as an "Executory Contract / Unexpired Lease" in this Notice, the Debtors reserve all of their rights with respect to whether or not any contract is an "executory contract" or "unexpired lease" pursuant to the Bankruptcy Code and the inclusion of any document on Exhibit A shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code.


Dated:  _____, 2024          OBERWEIS DAIRY, INC., *et al*.,
                                            Debtors and Debtors-in-Possession

                                            By: /s/ DRAFT_____
                                                One of their Attorneys

Howard L. Adelman, Esq. (ARDC #0015458)
Adam P. Silverman, Esq. (ARDC #6256676)
Alexander F. Brougham, Esq. (ARDC #6301515)
Tevin D. Bowens, Esq. (ARDC #6338559)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
Phone: (312) 435-1050
hadelman@ag-ltd.com
asilveman@ag-ltd.com
abrougham@ag-ltd.com
tbowens@ag-ltd.com

4

<u>Exhibit B</u> to

*Order: (a) Approving Sale Process, Including a Stalking Horse Asset Purchase Agreement; (b) Approving Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases; (c) Approving Form Notices; (d) Excusing Page Limit; and (e) Scheduling a Public Auction and a Sale Approval Hearing*:

## Summary Sale Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Oberweis Dairy, Inc., *et al.*,[1] | ) | Case No. 25-05385 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable David D. Cleary |
| | ) | |

### SUMMARY NOTICE OF SALE OF ALL OR
### SUBSTANTIALLY ALL ASSETS OF DEBTOR

TO:   ALL CREDITORS AND INTERESTED PARTIES

   **PLEASE TAKE NOTICE** that the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "**Bankruptcy Court**"), in the above-referenced cases (collectively the "**Chapter 11 Cases**") of Oberweis Dairy, Inc., The Oberweis Group, Inc., North Aurora Ice Cream, LLC, TOGI RE I, LLC, Third Millennium Real Estate L.L.C., and TOGI Brands, LLC (collectively, the "**Debtors**") has entered an order dated _____, 2024 [Docket No. ___] (the "**Sale Procedures Order**") granting the Debtors' motion to approve a sale process; schedule a public auction to solicit bids for the sale of all or substantially all of the Debtors' assets; and schedule a final hearing to approve such sale [Docket No. ___] (the "**Sale Motion**"). The Sale Procedures Order and Sale Motion contemplate that the Debtors will sell all or substantially all of their assets and their business as a going concern (the "**Sale Assets**"), in bulk or piecemeal, on an "AS IS, WHERE IS" basis, with all faults of any kind or nature, free and clear of all liens, claims, encumbrances, and interests of any kind or nature, in one or more lots.

   Among other things, the Sale Procedures Order approved (a) a Stalking Horse Asset Purchase Agreement filed on the Court's Docket as ECF No. 56 (the "**Stalking Horse APA**"); (b) the form of an asset purchase agreement setting forth the terms under which the Debtors intend to offer the Sale Assets for sale to other bidders, in bulk or by lot, to compete with the Stalking Horse APA filed on the Court's Docket as ECF No. 57 (the "**Form APA**"); and (c) certain bidding procedures (the "**Approved Bidding Procedures**") for the auction and sale of the Sale Assets. The Stalking Horse APA, Form APA and Approved Bidding Procedures contain detailed descriptions of the Sale Assets, due diligence opportunities, the bidding process, certain bid protection and break-up-fee requirements, reservations of rights, qualifying bidders' participation requirements, the bid deadline, the auction, the sale hearing to approve the sale resulting from the auction, various deadlines related to the foregoing, and related information.

---

[1] The Debtors in this case, and the last four digits of their respective federal employer identification numbers, are Oberweis Dairy, Inc. ('7516); The Oberweis Group, Inc. ('1378); North Aurora Ice Cream, LLC ('8506); TOGI RE I, LLC ('5952); Third Millennium Real Estate L.L.C. ('1589); and TOGI Brands, LLC ('7072).

Complete copies of the Sale Procedures Order, Sale Motion, Stalking Horse APA, Form APA, and Approved Bidding Procedures may be obtained by visiting www.cptgroupcaseinfo.com/OberweisDairyInc/, or by written request to the Debtors' counsel or investment banker below. Additional information may also be obtained from the Debtors' counsel or investment banker below.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will conduct a public auction to offer the Sale Assets for sale at the office of its counsel identified below on May 29, 2024, at 10:00 a.m. prevailing Central time, or at such other place and time as may be announced by the Debtors ("**Auction**"). All objections to the sale of the Sale Assets must be filed and served, in the manner set forth in the Sale Procedures Order, on or before 5:00 Central time on June 3, 2024. A hearing to approve the highest and best offer(s) received at the Auction is scheduled for June 5, 2024, at 1:00 p.m. prevailing Central time, in Courtroom 644, 219 Dearborn Street, Chicago, Illinois before the Honorable David D. Cleary, presiding U.S. Bankruptcy Judge in the Chapter 11 Cases, or such later time or other place as the Bankruptcy Court shall direct ("**Sale Hearing**"). The Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, following the Sale Hearing, the Bankruptcy Court may enter an order containing, among other things, an injunction preventing creditors and other parties from pursuing claims against the purchaser(s) of the Sale Assets.

Dated: _____, 2024.

| Debtors' Counsel | Debtors' Investment Banker |
|---|---|
| ADELMAN & GETTLEMAN, LTD. | LIVINGSTONE PARTNERS LLC |
| Howard L. Adelman, Esq. | Joseph Greenwood |
| Adam P. Silverman, Esq. | 443 N. Clark |
| Alexander F. Brougham, Esq. | Chicago, IL 60654 |
| Tevin D. Bowens, Esq. | 312-670-5913 |
| 53 West Jackson Blvd., Suite 1050 | greenwood@livingstonepartners.com |
| Chicago, Illinois 60604 | |
| 312-435-1050 | |
| hadelman@ag-ltd.com | |
| asilverman@ag-ltd.com | |
| abrougham@ag-ltd.com | |
| tbowens@ag-ltd.com | |

# <u>Exhibit C</u> to

*Order: (a) Approving Sale Process, Including a Stalking Horse Asset Purchase Agreement; (b) Approving Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases; (c) Approving Form Notices; (d) Excusing Page Limit; and (e) Scheduling a Public Auction and a Sale Approval Hearing*:

# Assumption Notice

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Oberweis Dairy, Inc., *et al.*,[1] | ) | Case No. 25-05385 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable David D. Cleary |
| | ) | |

**NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO THE NON-DEBTOR PARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

**PLEASE TAKE NOTICE AS FOLLOWS:**

1.      **Chapter 11 Cases** - On _____, 2024, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division entered an order (the "**Sale Procedures Order**")[2] in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**") of Oberweis Dairy, Inc., The Oberweis Group, Inc., North Aurora Ice Cream, LLC, TOGI RE I, LLC, Third Millennium Real Estate L.L.C., and TOGI Brands, LLC (collectively, the "**Debtors**") approving, among other things, the process for fixing the cure amounts related to the Debtors' potential assumption, assignment and/or transfer of certain executory contracts, unexpired leases and other agreements (the "**Executory Contracts / Unexpired Leases**") in connection with the sale of all or substantially all the Debtors' assets and business as a going concern (the "**Asset Sale**").

2.      **Notice of Proposed Assignment and Cure Amount** - Set forth on <u>Exhibit A</u> is a list of Executory Contracts / Unexpired Leases that the Debtors *may potentially seek to have assumed and assigned to the Prevailing Bidder(s) or Back-Up Bidder(s) at the Sale Hearing*. **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES LISTED IN <u>EXHIBIT A</u>.** <u>Exhibit A</u> also contains the cure amounts the Debtors' books and records reflect are necessary to assume and assign such Executory Contracts / Unexpired Leases

---

[1] The Debtors in these cases, and the last four digits of their respective federal employer identification numbers, are Oberweis Dairy, Inc. ('7516); The Oberweis Group, Inc. ('1378); North Aurora Ice Cream, LLC ('8506); TOGI RE I, LLC ('5952); Third Millennium Real Estate L.L.C. ('1589); and TOGI Brands, LLC ('7072).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Sale Procedures Order or Approved Bidding Procedures, as the case may be, copies of which may be obtained as set forth in Paragraph 6 hereof.

1320702_3

pursuant to section 365 of the Bankruptcy Code (each a "**Cure Amount**"). The Debtors believe that the payment of each Cure Amount will cure any and all defaults and pecuniary losses under the corresponding Executory Contract / Unexpired Lease. Each Executory Contract / Unexpired Lease may be assumed and assigned to any purchaser of the Debtors' assets who is the Prevailing Bidder or the Back-Up Bidder at the Asset Sale and agrees (i) to the corresponding Cure Amount or (ii) to such other amount that is acceptable to the Debtors (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights). If the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to the Prevailing Bidder(s) or Back-Up Bidder(s) not set forth in this Notice, the Debtors will promptly send a supplemental notice (a "**Supplemental Assumption Notice**") to the non-Debtor parties to such additional executory contracts and unexpired leases. In addition, on or before 11:59 p.m. on May 26, 2024, the Debtors shall promptly send the Supplemental Assumption Notice by facsimile, overnight delivery, or such other form of notice authorized by the recipient (including CM/ECF and/or email) to the applicable counterparties to any additional Executory Contracts / Unexpired Leases not included on Exhibit A hereto that are proposed to be assumed as of the Qualified Bid Deadline by the Stalking Horse Bidder or any other Qualified Bidder. This Supplemental Assumption Notice shall set forth for such applicable counterparties the same information as is required by the Assumption Notice. A Supplemental Assumption Notice shall also be sent to any applicable counterparties to Executory Contracts / Unexpired Leases identified in any Qualified Bid received by the Debtors as of 11:59 p.m. on May 26, 2024, whose Cure Amount in that Qualifying Bid (which amount shall be specifically quantified in the Supplemental Assumption Notice) is less than the Cure Amount set forth on Exhibit A hereto.

3. **Assumption and Cure Objections** - Any objection of a non-Debtor party to an Executory Contract / Unexpired Lease to the Cure Amount set forth in Exhibit A to this Notice or to the proposed assumption and assignment of such Executory Contract / Unexpired Lease (a "**Cure Amount/Assumption Objection**") must (a) be in writing, and (b) provide the basis for the objection, including any cure amount claimed to be due with supporting documentation. To be considered a timely Cure Amount/Assumption Objection, the Cure Amount/Assumption Objection must be filed with the Clerk of the U.S. Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal Building, 219 S. Dearborn Street, Room 713, Chicago, Illinois, and served upon: (i) counsel to the Debtors, Howard Adelman, Adam Silverman, and Alexander F. Brougham of Adelman & Gettleman, Ltd., 53 West Jackson Boulevard, Suite 1050, Chicago, Illinois 60604; (ii) counsel to CIBC Bank USA, Eric S. Rein of Kilpatrick Townsend & Stockton LLP, 500 West Madison Street, Suite 3700, Chicago, Illinois 60661; (iii) the Office of the United States Trustee for Region 11, 219 S. Dearborn Street, Room 873, Chicago, Illinois 60604; and (iv) counsel to the Official Committee of Unsecured Creditors, Steve Jakubowski and Carolina Sales of Robbins DiMonte, Ltd., 180 North LaSalle Street, Suite 3300, Chicago, Illinois 60601, by **5:00 p.m. CDT on June 4, 2024** (the "**Cure Amount/Assumption Objection Deadline**"). For avoidance of doubt, service of a Cure Amount/Assumption Objection to the foregoing persons through the Court's CM/ECF system will expressly satisfy the service requirement. A Cure Amount/Assignment Objection must include any objection relating to the adequacy of assurance of future performance regarding such Executory Contract/Lease by the Prevailing Bidder(s) or the Back-Up Bidder(s) (the "**Adequate Assurance Objection**"), which shall also be filed by the Cure Amount/Assignment Objection Deadline.

4. **Assumption and Cure Objection Hearing** - In the event that the Debtors and any

2

1320702_3

objecting party are unable to consensually resolve any Cure Amount/Assignment Objection prior to the Sale Hearing, the Court will attempt to resolve any such Cure Amount/Assignment Objection and any Adequate Assurance Objection at the hearing to consider approval of the Asset Sale, to be held on **June 5, 2024 at 1:00 p.m. CDT** at the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal Building, 219 S. Dearborn, Courtroom 644, Chicago, Illinois 60604, or such other time as may be ordered by the Court (the "**Sale Hearing**"). To the extent necessary, the Debtors (after consultation with the Constituent Parties, subject to the Constituent Party Objection Rights) shall arrange for the Debtors, the Prevailing Bidder(s), the Back-Up Bidder(s), or any other party, as the case may be, to escrow all disputed Claimed Cure Amounts pending resolution with the Court. **Please be advised that if you do file an objection you and/or your attorney will be expected to attend the Sale Hearing or the Court may grant the relief sought in the Sale Motion over such written objection.** Appearance by Zoom may be permitted in accordance with the Court's local rules and procedures.

5.      **If No Cure Amount/Assumption Objection is Timely Filed** - If a Cure Amount/Assumption Objection, including an Adequate Assurance Objection, is <u>not</u> timely filed and served by the Cure Amount/Assumption Objection Deadline with respect to any Executory Contract / Unexpired Lease, then (a) the Debtors will be authorized, but not directed, to assume and assign such Executory Contract / Unexpired Lease; (b) the Cure Amount set forth in this Notice or the Supplemental Assumption Notice will constitute the final determination of the total Cure Amount required to be paid by the Debtors on such Executory Contract / Unexpired Lease pursuant to 11 U.S.C. § 365 for purposes of the Sale Order; and (c) the non-Debtor party to such Executory Contract / Unexpired Lease will be: (i) forever barred and estopped from objecting to the Cure Amount or seeking any additional cure payments on such Executory Contract / Unexpired Lease, whether from the Debtors, the Prevailing Bidder(s), any Back-Up Bidder(s), or any other assignee; (ii) deemed to have waived any right to terminate such Executory Contract / Unexpired Lease as a result of any default which may have occurred under such Executory Contract / Unexpired Lease prior to the assumption date to the extent such Executory Contract / Unexpired Lease is identified as a Sale Asset and assigned to the Prevailing Bidder(s), Back-Up Bidder(s), or any assignee thereof; (iii) deemed to have agreed that the Sale Procedures Order applies and is enforceable with respect to the assumption and assignment of such Executory Contract / Unexpired Lease; (iv) deemed to have agreed that all defaults under such Executory Contract / Unexpired Lease arising or continuing prior to the assumption date have been fully cured and satisfied; (v) barred from asserting an Adequate Assurance Objection; and (vi) deemed to have consented to the assumption, assignment, and transfer of such Executory Contract / Unexpired Lease to the Prevailing Bidder(s), Back-Up Bidder(s) or any assignee thereof on all matters.

6.      **Requests for Copies and Information** - Copies of the Sale Motion and exhibits thereto, the Bidding Procedures Order, and/or the proposed Sale Order may be obtained by: (a) accessing the case docket at <u>www.cptgroupcaseinfo.com/OberweisDairyInc/</u>; or (b) written request to the Debtors' counsel, Adelman & Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, IL 60604, Attn: Howard Adelman, Adam Silverman, and Alexander Brougham. Any inquiries regarding the information provided herein should be directed to the Debtors' counsel at the address noted below.

7.      **Proof of Adequate Assurance** - Parties to Executory Contracts / Unexpired Leases may obtain proof of adequate assurance of future performance by potential purchasers by written request to the Debtors' counsel after the Bid Deadline, subject to certain confidentiality requirements set forth in the

3

1320702_3

Sale Procedures Order.

8.    **Notice** - This Notice is made expressly subject to the Sale Motion, the Sale Procedures Order, and the Approved Bidding Procedures. To the extent that this Notice is inconsistent with the terms contained in the Sale Procedures Order, the Sale Procedures Order shall control.  Notwithstanding the reference to any contract as an "Executory Contract / Unexpired Lease" in this Notice, the Debtors reserve all of their rights with respect to whether or not any contract is an "executory contract" or "unexpired lease" pursuant to the Bankruptcy Code and the inclusion of any document on <u>Exhibit A</u> shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code.


Dated: _____, 2024          OBERWEIS DAIRY, INC., *et al*.,
                                         Debtors and Debtors-in-Possession

                                         By: /s/ DRAFT_____
                                              One of their Attorneys

Howard L. Adelman, Esq. (ARDC #0015458)
Adam P. Silverman, Esq. (ARDC #6256676)
Alexander F. Brougham, Esq. (ARDC #6301515)
Tevin D. Bowens, Esq. (ARDC #6338559)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
Phone: (312) 435-1050
hadelman@ag-ltd.com
asilveman@ag-ltd.com
abrougham@ag-ltd.com
tbowens@ag-ltd.com

4

1320702_3