**Fill in this information to identify the case:**

Debtor name: North Aurora Ice Cream, LLC

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known): 24-05389

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date:<br>From 1/01/2024 to Filing Date | ☐ Operating a business<br>■ Other  North Aurora, Skokie, Western Springs (store and apartments) | $251,484.00 |
| For prior year:<br>From 1/01/2023 to 12/31/2023 | ☐ Operating a business<br>■ Other  North Aurora, Skokie, Western Springs (store and apartments) | $1,005,936.00 |
| For year before that:<br>From 1/01/2022 to 12/31/2022 | ☐ Operating a business<br>■ Other  North Aurora, Skokie, Western Springs (store and apartments) | $1,005,936.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| For prior year:<br>From 1/01/2023 to 12/31/2023 | Gain from sale of swap | $511,900.00 |

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

Debtor  North Aurora Ice Cream, LLC                                                   Case number (if known) 24-05389

☐ None.

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1. | CIBC<br>120 S. LaSalle St.<br>Chicago, IL 60603 | 2/1/2024 | $46,019.92 | ■ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.2. | CIBC<br>120 S. LaSalle St.<br>Chicago, IL 60603 | 2/1/2024 | $35,100.00 | ■ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.3. | CIBC<br>120 S. LaSalle St.<br>Chicago, IL 60603 | 3/1/2024 | $44,175.34 | ■ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.4. | CIBC<br>120 S. LaSalle St.<br>Chicago, IL 60603 | 3/1/2024 | $35,100.00 | ■ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.5. | CIBC<br>120 S. LaSalle St.<br>Chicago, IL 60603 | 4/1/2024 | $46,003.81 | ■ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.6. | CIBC<br>120 S. LaSalle St.<br>Chicago, IL 60603 | 4/1/2024 | $35,100.00 | ■ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at

| Debtor | North Aurora Ice Cream, LLC | Case number (if known) | 24-05389 |
|---|---|---|---|

a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

### Part 3: Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

### Part 4: Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

### Part 5: Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | | |

### Part 6: Certain Payments or Transfers

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Official Form 207 | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy | page 3 |
|---|---|---|

Debtor __North Aurora Ice Cream, LLC_____  Case number (if known) __24-05389__

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

### Part 7: Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

### Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

### Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold,

| Debtor | North Aurora Ice Cream, LLC | Case number (if known) | 24-05389 |

moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | CIBC<br>120 S. LaSalle St.<br>Chicago, IL 60603 | XXXX-8234 | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>■ Other __ | 7/10/2023 | $511,900.00 |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it<br>Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**Part 11:** Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:** Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

Debtor  North Aurora Ice Cream, LLC                                    Case number (if known) 24-05389

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:  Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| | Name and address | Date of service From-To |
|---|---|---|
| 26a.1. | Diane Frieders-White<br>951 Ice Cream Drive<br>North Aurora, IL 60542 | 1/22/2013 - present day |
| 26a.2. | Jeff Wilhelm<br>951 Ice Cream Drive<br>North Aurora, IL 60542 | 3/25/2008 - 11/6/2022 |
| 26a.3. | Steve Storey<br>951 Ice Cream Drive<br>North Aurora, IL 60542 | 10/26/2005 - 8/22/2023 |
| 26a.4. | Karen Walter<br>951 Ice Cream Drive<br>North Aurora, IL 60542 | 08/01/2001 - present day |
| 26a.5. | Sharon Ceranek<br>951 Ice Cream Drive<br>North Aurora, IL 60542 | 1/29/1996 - present day |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

Official Form 207                Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                page 6

| Debtor | North Aurora Ice Cream, LLC | Case number (if known) | 24-05389 |
|---|---|---|---|

| Name and address | Date of service From-To |
|---|---|
| 26b.1.  RSM McGladrey<br>5155 Paysphere Circle<br>Chicago, IL 60674 | 1/1/2022 - present day |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.  CIBC<br>120 S. LaSalle St.<br>Chicago, IL 60603 |
| 26d.2.  Bank of America<br>2059 Northlake Parkway<br>Tucker, GA 30084 |
| 26d.3.  BMO Transportation Finance<br>300 E. John Carpenter Frwy.<br>Irving, TX 75062 |
| 26d.4.  Huntington<br>17 S. High Street<br>Columbus, OH 43215 |
| 26d.5.  Wells Fargo Equipment Finance Inc.<br>600 South 4th Street<br>Minneapolis, MN 55415 |
| 26d.6.  Daimler Truck Financial<br>P.O. Box 5261<br>Carol Stream, IL 60197 |
| 26d.7.  First Commonwealth<br>601 Philadelphia St.<br>Indiana, PA 15701 |
| 26d.8.  TSC Equipment Finance LLC<br>P.O. Box 536705<br>Pittsburgh, PA 15253-5909 |
| 26d.9.  Wisconsin Department of Agriculture<br>2811 Agriculture Drive<br>Madison, WI 53708 |

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people**

| Debtor | North Aurora Ice Cream, LLC | Case number (if known) | 24-05389 |

**in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| James W. Oberweis | 1121 Heatheron Drive<br>Naperville, IL 60563 | Manager | |
| Julie Oberweis | 10696 Mora Drive<br>Los Altos, CA 94024 | Manager | |
| Adam Kraber | 951 Ice Cream Drive<br>North Aurora, IL 60542 | President | |
| The Oberweis Group, Inc. | 951 Ice Cream Drive<br>North Aurora, IL 60542 | Member | 100% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

   ☐ No
   ■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Joseph S. Oberweis | 951 Ice Cream Drive<br>North Aurora, IL 60542 | President & CEO | 12/24/2007 - 7/9/2023 |
| Steven Storey | 951 Ice Cream Drive<br>North Aurora, IL 60542 | Manager | 2022 - 2023 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

    ☐ No
    ■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | The Oberweis Group, Inc.<br>951 Ice Cream Drive<br>North Aurora, IL 60542 | $10,000.00 | 4/18/2023 | Upstream payment to parent. |
| | **Relationship to debtor**<br>Parent | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

| Debtor | North Aurora Ice Cream, LLC | Case number (if known) | 24-05389 |

☐ No
■ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| THE OBERWEIS GROUP, INC. | EIN: 20-2031378 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
|  |  |

Debtor  North Aurora Ice Cream, LLC                                          Case number (if known) 24-05389

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    May 13, 2024

_/s/ Adam Kraber_                                       Adam Kraber
Signature of individual signing on behalf of the debtor  Printed name

Position or relationship to debtor    President

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ Yes

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Oberweis Dairy, Inc., *et al.*,[1] ) | Case No. 24-05385 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Honorable David D. Cleary |

**GLOBAL NOTES, STATEMENT OF LIMITATIONS AND SPECIFIC DISCLOSURES, AND RESERVATION OF RIGHTS REGARDING DEBTORS' RESPECTIVE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**

The Schedules of Assets and Liabilities ("**Schedules**") and Statements of Financial Affairs ("**Statements**") of Oberweis Dairy, Inc., an Illinois corporation ("**ODI**"); The Oberweis Group, Inc., a Delaware corporation ("**TOGI**"); North Aurora Ice Cream, LLC, an Illinois limited liability company ("**NAIC**"); TOGI RE I, LLC, an Illinois limited liability company ("**TRI**"); Third Millennium Real Estate L.L.C., an Illinois limited liability company ("**TMRE**"); and TOGI Brands, LLC, an Illinois limited liability company ("**Brands**" and, together with ODI, TOGI, NAIC, TRI, and TMRE, the "**Debtors**", and each, a "**Debtor**"), in their respective chapter 11 cases (collectively, the "**Chapter 11 Cases**") filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "**Bankruptcy Court**"), were prepared pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007 by management and other personnel of the Debtors with the assistance of the Debtors' Chief Restructuring Officer, Fort Dearborn Partners, and bankruptcy counsel.

The Schedules and Statements have not been audited by independent auditors. The most recent audited financial statements for the Debtors were prepared by RSM US LLP for TOGI and its subsidiaries (*i.e.*, ODI, NAIC, TRI, TMRE, and Brands) on a consolidated basis, and for ODI, separately, in each case, for the year ended 2022. In 2023, ODI's CEO and CFO resigned; the CFO's position has not been filled, and accordingly, the Debtors' books and records may be incomplete. While management has made every reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation and filing, subsequent information or discovery may result in changes to the Schedules and Statements, and inadvertent errors or omissions may exist. Accordingly, the Schedules and Statements are subject to modification, amendment and supplementation as a matter of course at any time before the Chapter 11 Cases are closed. These *Global Notes, Statement of Limitations and Specific Disclosures, and Reservation of Rights Regarding Debtors' Respective*

---

[1] The Debtors in this case, and the last four digits of their respective federal employer identification numbers, are Oberweis Dairy, Inc. ('7516); The Oberweis Group, Inc. ('1378); North Aurora Ice Cream, LLC ('8506); TOGI RE I, LLC ('5952); Third Millennium Real Estate L.L.C. ('1589); and TOGI Brands, LLC ('7072).

1321614v2

*Schedules and Statement of Financial Affairs* (the "**Global Notes**") are hereby expressly incorporated in, and constitutes an integral part of, the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements. The *Declaration of Adam Kraber in Support of Chapter 11 Petitions and First-Day Motions* (the "**Declaration**") filed on April 15, 2024 [Docket No. 19], is also hereby expressly incorporated herein.

1. Description of the Cases and "As of" Petition Date.  On April 12, 2024 (the "**Petition Date**"), the Debtors filed the Chapter 11 Cases. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to maintain their operations and financial affairs as debtors-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108. The information contained in the Schedules and Statements, including all assets and liabilities, reflects the best information available to the Debtors as of the Petition Date. Except as otherwise provided therein, the values and amounts provided in the Schedules and Statements reflect the relevant values and amounts as of the Petition Date.

2. Designation of Assets and Liabilities Between the Debtors.  As noted in the Declaration, while the Debtors are legally distinct entities, they are an integrated business from an accounting and operational standpoint. Consequently, it was difficult, and in some instances impossible, for management to assign particular assets, liabilities, transfers, etc. to a particular Debtor with one hundred percent accuracy. Management utilized its historical accounting practices and information available in the Debtors' books and records in preparing the Schedules and Statements.

3. Values.  Unless otherwise stated on the Schedules, each asset and liability of the Debtors reflected in the Schedules reflects the carrying value of the assets and liabilities as listed in the Debtors' books and records and are not based upon any estimate of their current market values. Where management was unable to arrive at any good-faith estimate of current value, such value is listed as "Unknown."  In many such cases, however, management anticipates that current value will be determined in connection with sale of the Debtors' assets.

4. Asset Descriptions.  The descriptions of assets in Schedule A/B may be general in nature, consistent with the requirements of the applicable Schedule questions. *See, e.g.*, Schedule A/B, Part 7, Question 39 (providing for a "[g]eneral description" of office furniture). In such instances, the Debtors may have available a more detailed list of assets, though the list is not the product of an audit or formal inventory.

5. Claim Dates.  The claims listed in Schedules D and E/F may have arisen or were incurred on various dates prior to the Petition Date. In certain instances, the date on which a claim arose is an open issue of fact. In most instances, it would be unduly burdensome for the Debtors to list the date on which the claim arose and, therefore, the Debtors do not list a date for each claim included in Schedules D and E/F.

Document     Page 13 of 14

6. <u>Executory Contracts and Unexpired Leases</u>.  While the Debtors have made reasonable efforts to ensure the accuracy of Schedules A/B and G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusions may have occurred. The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases that may have terminated or expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, letters and other documents, instruments and agreements which may not be listed therein, and to modify the Schedules accordingly. In addition, certain of the agreements listed in Schedules A/B and G may be non-executory or secured financings. The Debtors reserve all of their rights to dispute or challenge the characterization of any agreements listed in the Schedules, or to re-categorize any agreements listed therein as new information becomes available.

7. <u>Causes of Action</u>.  The Debtors may not have set forth all of their causes of action against third parties as assets in the Schedules. The Debtors reserve all of their rights with respect to any causes of action that they may have, and neither the Global Notes nor the Schedules shall be deemed a waiver of any such causes of action.

8. <u>Insiders</u>.  In Part 2, Question 4 of the Statements, the Debtors have attempted to include all payments made on or within twelve (12) months of the Petition Date to or for the benefit of any individual or entity deemed an "insider" as that term is defined in section 101(31) of the Bankruptcy Code, including any officers, directors, and affiliated entities. The listing of a party as an "insider" is not intended to be, nor should it be considered, a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

9. <u>Setoffs</u>.  The Debtors incurred certain setoffs and other similar rights during the ordinary course of business resulting from various items such as pricing discrepancies, returns, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules and Statements, offsets are not independently accounted for, and as such, are excluded from the Schedules and Statements.

10. <u>Credits and Adjustments</u>.  The claims of individual creditors for, among other things, goods, products, services, or technology are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits, allowances, and other adjustments.

11. <u>Financial Statement Issuance</u>.  In Part 13, Question 26d of the Statements, the Debtors are required to list financial institutions, creditors, and other parties, including trade agencies, to whom they issued financial statements. The Debtors have endeavored to list the financial institutions, other lenders, and regulatory bodies to whom they have issued financial

1321614v2

statements during the period specified. The Debtors have also, however, provided extensive financial disclosures—which may or may not constitute the issuance of financial statements—to various other potential purchasers, lenders, and other parties to assist in their due diligence during the same period, but have not maintained detailed records of such disclosures. There may, therefore, be additional parties to whom the Debtors have issued financial statements that are not listed in the Statements.

12. **Professional Fee Retainers**. In Part 6, Question 11 of the Statements, the Debtors list all payments made related to restructuring or bankruptcy counseling within one year prior to the Petition Date. These payments were treated as advance payment retainers, with each subsequent payment replenishing the applicable advance payment retainer. As such, there were remaining advance payment retainer amounts as of the Petition Date which were subsequently applied, or will be applied, to post-petition services as contemplated by a *Motion for an Order Establishing Procedures for the Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals and Members of the Committee*, pending as of the filing of these Global Notes.

13. **Recharacterization**. The Debtors have made reasonable efforts to accurately characterize, classify, and designate the claims, assets, executory contracts, unexpired leases, interests, property, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity and integrated nature of the Debtors' operations, the Debtors may not have accurately characterized, classified, categorized, or designated certain items. The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available, including as to the existence of any claim and the executory or unexpired nature (or non-executory or expired nature) of contracts and leases identified herein.

14. **Employee Claims**. In Part 1, Question 2 of ODI's Schedule E/F, wage/benefit claims and related payroll withholdings and taxes of employees entitled to priority under 11 U.S.C. § 507(a)(4)-(5) are listed in the aggregate amounts owed as of the Petition Date. However, pursuant to the *Order Granting Motion of Debtors (A) for Authority to (I) Pay Certain Prepetition Employee Wages, Salaries and Other Compensation, (II) Pay and Honor Employee Medical and Other Benefits, and (III) Continue Employee Benefit Programs; (B) to Obtain Related Relief; and (C) for Shortened and Limited Notice Thereof* [Docket No. 38], such claims have been paid post-petition, and are therefore categorized as "disputed" claims.