**Fill in this information to identify the case:**

Debtor name: TOGI RE I, LLC

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known): 24-05391

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property  12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor** — Current value of debtor's interest

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | CIBC (as of 4/12/24) | Operating | 3166 | $85.23 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**   $85.23
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

### Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.
   ☐ Yes Fill in the information below.

### Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☐ No. Go to Part 4.
    ☑ Yes Fill in the information below.

11. **Accounts receivable**

    | | face amount | | doubtful or uncollectible accounts | | |
    |---|---|---|---|---|---|
    | 11a. 90 days old or less: | 77,100.00 | − | 0.00 | = .... | $77,100.00 |

Official Form 206A/B    Schedule A/B Assets - Real and Personal Property    page 1

| Debtor | TOGI RE I, LLC | Case number (If known) | 24-05391 |
|---|---|---|---|
| | Name | | |

| | 11b. Over 90 days old: | 3,222,800.00 | - | 0.00 | =.... | $3,222,800.00 |
|---|---|---|---|---|---|---|
| | | face amount | | doubtful or uncollectible accounts | | |

12. **Total of Part 3.**                                                                                                    $3,299,900.00
    Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

### Part 4: Investments

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

### Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

### Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

### Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

### Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

### Part 9: Real property

**54. Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

Debtor   TOGI RE I, LLC                                           Case number (If known) 24-05391
         Name

| | | | | | |
|---|---|---|---|---|---|
| 55.1. | 515 Roosevelt Road, Glen Ellyn, IL APN # 05-23-104-041 | Fee simple | $1,982,798.00 | N/A | Unknown |
| 55.2. | 860 East Boughton Rd, Bolingbrook, IL APN # 12-02-01-204-010-0000 | Fee simple | $2,244,249.00 | N/A | Unknown |

56. **Total of Part 9.**                                                                              $0.00
    Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
    Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
    ■ No
    ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
    ☐ No
    ■ Yes

Part 10:   **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ■ No. Go to Part 11.
   ☐ Yes Fill in the information below.

Part 11:   **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ■ No. Go to Part 12.
   ☐ Yes Fill in the information below.

Debtor  TOGI RE I, LLC  
_____  
Name

Case number *(If known)* 24-05391

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $85.23 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $3,299,900.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*..........................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $3,299,985.23 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $3,299,985.23 |

**Fill in this information to identify the case:**

Debtor name: TOGI RE I, LLC

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known): 24-05391

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property     12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**
☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
■ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** CIBC Bank USA<br>Creditor's Name<br><br>120 S. LaSalle St.<br>Chicago, IL 60603<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **Describe debtor's property that is subject to a lien**<br>All assets.<br><br>**Describe the lien**<br>Commercial Loan<br><br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $14,214,167.00 | Unknown |

**3.** Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.     $14,214,167.00

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Eric S. Rein, Esq.<br>Kilpatrick Townsend & Stockton LLP<br>500 West Madison St.<br>Suite 3700<br>Chicago, IL 60661 | Line 2.1 | |

**Fill in this information to identify the case:**

Debtor name: **TOGI RE I, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number (if known): **24-05391**

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims  12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ■ No. Go to Part 2.
   - ☐ Yes. Go to line 2.

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims**. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br>Oberweis Dairy, Inc.<br>951 Ice Cream Drive<br>North Aurora, IL 60542<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** _<br>Is the claim subject to offset? ■ No  ☐ Yes | Unknown |

## Part 3: List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ 0.00 |
| 5b. Total claims from Part 2 | 5b. + $ | 0.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

**Fill in this information to identify the case:**

Debtor name: TOGI RE I, LLC

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known): 24-05391

☐ Check if this is an amended filing

Official Form 206G
# Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | Real property lease: 515 Roosevelt Road, Glen Ellyn, Illinois | |
| | State the term remaining | | Oberweis Dairy Inc |
| | List the contract number of any government contract | | 951 Ice Cream Drive |
| | | | North Aurora,, IL 60542 |
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | Real property lease: 860 East Boughton Rd., Bolingbrook, IL. | |
| | State the term remaining | | Oberweis Dairy Inc. |
| | List the contract number of any government contract | | 951 Ice Cream Drive |
| | | | North Aurora, IL 60542 |

**Fill in this information to identify the case:**

Debtor name: TOGI RE I, LLC

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known): 24-05391

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                       12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| 2.1 | North Aurora Ice Cream, LLC | 951 Ice Cream Drive, North Aurora, IL 60542 | CIBC Bank USA | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |
| 2.2 | Oberweis Dairy, Inc. | 951 Ice Cream Drive, North Aurora, IL 60542 | CIBC Bank USA | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |
| 2.3 | The Oberweis Group, Inc. | 951 Ice Cream Drive, North Aurora, IL 60542 | CIBC Bank USA | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |
| 2.4 | Third Millennium Real Estate L.L.C. | 951 Ice Cream Drive, North Aurora, IL 60542 | CIBC Bank USA | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |
| 2.5 | TOGI Brands, LLC | 951 Ice Cream Drive, North Aurora, IL 60542 | CIBC Bank USA | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |

Official Form 206H                Schedule H: Your Codebtors                Page 1 of 2

| Debtor | TOGI RE I, LLC | Case number *(if known)* | 24-05391 |

**Additional Page to List More Codebtors**
**Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.**

| *Column 1:* **Codebtor** | *Column 2:* **Creditor** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Oberweis Dairy, Inc., *et al.*,[1] | ) | Case No. 24-05385 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable David D. Cleary |

## GLOBAL NOTES, STATEMENT OF LIMITATIONS AND SPECIFIC DISCLOSURES, AND RESERVATION OF RIGHTS REGARDING DEBTORS' RESPECTIVE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities ("**Schedules**") and Statements of Financial Affairs ("**Statements**") of Oberweis Dairy, Inc., an Illinois corporation ("**ODI**"); The Oberweis Group, Inc., a Delaware corporation ("**TOGI**"); North Aurora Ice Cream, LLC, an Illinois limited liability company ("**NAIC**"); TOGI RE I, LLC, an Illinois limited liability company ("**TRI**"); Third Millennium Real Estate L.L.C., an Illinois limited liability company ("**TMRE**"); and TOGI Brands, LLC, an Illinois limited liability company ("**Brands**" and, together with ODI, TOGI, NAIC, TRI, and TMRE, the "**Debtors**", and each, a "**Debtor**"), in their respective chapter 11 cases (collectively, the "**Chapter 11 Cases**") filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "**Bankruptcy Court**"), were prepared pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007 by management and other personnel of the Debtors with the assistance of the Debtors' Chief Restructuring Officer, Fort Dearborn Partners, and bankruptcy counsel.

The Schedules and Statements have not been audited by independent auditors. The most recent audited financial statements for the Debtors were prepared by RSM US LLP for TOGI and its subsidiaries (*i.e.*, ODI, NAIC, TRI, TMRE, and Brands) on a consolidated basis, and for ODI, separately, in each case, for the year ended 2022. In 2023, ODI's CEO and CFO resigned; the CFO's position has not been filled, and accordingly, the Debtors' books and records may be incomplete. While management has made every reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation and filing, subsequent information or discovery may result in changes to the Schedules and Statements, and inadvertent errors or omissions may exist. Accordingly, the Schedules and Statements are subject to modification, amendment and supplementation as a matter of course at any time before the Chapter 11 Cases are closed. These *Global Notes, Statement of Limitations and Specific Disclosures, and Reservation of Rights Regarding Debtors' Respective*

---

[1] The Debtors in this case, and the last four digits of their respective federal employer identification numbers, are Oberweis Dairy, Inc. ('7516); The Oberweis Group, Inc. ('1378); North Aurora Ice Cream, LLC ('8506); TOGI RE I, LLC ('5952); Third Millennium Real Estate L.L.C. ('1589); and TOGI Brands, LLC ('7072).

1321614v2

*Schedules and Statement of Financial Affairs* (the "**Global Notes**") are hereby expressly incorporated in, and constitutes an integral part of, the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements. The *Declaration of Adam Kraber in Support of Chapter 11 Petitions and First-Day Motions* (the "**Declaration**") filed on April 15, 2024 [Docket No. 19], is also hereby expressly incorporated herein.

1. Description of the Cases and "As of" Petition Date. On April 12, 2024 (the "**Petition Date**"), the Debtors filed the Chapter 11 Cases. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to maintain their operations and financial affairs as debtors-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108. The information contained in the Schedules and Statements, including all assets and liabilities, reflects the best information available to the Debtors as of the Petition Date. Except as otherwise provided therein, the values and amounts provided in the Schedules and Statements reflect the relevant values and amounts as of the Petition Date.

2. Designation of Assets and Liabilities Between the Debtors. As noted in the Declaration, while the Debtors are legally distinct entities, they are an integrated business from an accounting and operational standpoint. Consequently, it was difficult, and in some instances impossible, for management to assign particular assets, liabilities, transfers, etc. to a particular Debtor with one hundred percent accuracy. Management utilized its historical accounting practices and information available in the Debtors' books and records in preparing the Schedules and Statements.

3. Values. Unless otherwise stated on the Schedules, each asset and liability of the Debtors reflected in the Schedules reflects the carrying value of the assets and liabilities as listed in the Debtors' books and records and are not based upon any estimate of their current market values. Where management was unable to arrive at any good-faith estimate of current value, such value is listed as "Unknown." In many such cases, however, management anticipates that current value will be determined in connection with sale of the Debtors' assets.

4. Asset Descriptions. The descriptions of assets in Schedule A/B may be general in nature, consistent with the requirements of the applicable Schedule questions. *See, e.g.*, Schedule A/B, Part 7, Question 39 (providing for a "[g]eneral description" of office furniture). In such instances, the Debtors may have available a more detailed list of assets, though the list is not the product of an audit or formal inventory.

5. Claim Dates. The claims listed in Schedules D and E/F may have arisen or were incurred on various dates prior to the Petition Date. In certain instances, the date on which a claim arose is an open issue of fact. In most instances, it would be unduly burdensome for the Debtors to list the date on which the claim arose and, therefore, the Debtors do not list a date for each claim included in Schedules D and E/F.

2

6. <u>Executory Contracts and Unexpired Leases</u>. While the Debtors have made reasonable efforts to ensure the accuracy of Schedules A/B and G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusions may have occurred. The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases that may have terminated or expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, letters and other documents, instruments and agreements which may not be listed therein, and to modify the Schedules accordingly. In addition, certain of the agreements listed in Schedules A/B and G may be non-executory or secured financings. The Debtors reserve all of their rights to dispute or challenge the characterization of any agreements listed in the Schedules, or to re-categorize any agreements listed therein as new information becomes available.

7. <u>Causes of Action</u>. The Debtors may not have set forth all of their causes of action against third parties as assets in the Schedules. The Debtors reserve all of their rights with respect to any causes of action that they may have, and neither the Global Notes nor the Schedules shall be deemed a waiver of any such causes of action.

8. <u>Insiders</u>. In Part 2, Question 4 of the Statements, the Debtors have attempted to include all payments made on or within twelve (12) months of the Petition Date to or for the benefit of any individual or entity deemed an "insider" as that term is defined in section 101(31) of the Bankruptcy Code, including any officers, directors, and affiliated entities. The listing of a party as an "insider" is not intended to be, nor should it be considered, a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

9. <u>Setoffs</u>. The Debtors incurred certain setoffs and other similar rights during the ordinary course of business resulting from various items such as pricing discrepancies, returns, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules and Statements, offsets are not independently accounted for, and as such, are excluded from the Schedules and Statements.

10. <u>Credits and Adjustments</u>. The claims of individual creditors for, among other things, goods, products, services, or technology are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits, allowances, and other adjustments.

11. <u>Financial Statement Issuance</u>. In Part 13, Question 26d of the Statements, the Debtors are required to list financial institutions, creditors, and other parties, including trade agencies, to whom they issued financial statements. The Debtors have endeavored to list the financial institutions, other lenders, and regulatory bodies to whom they have issued financial

3

statements during the period specified. The Debtors have also, however, provided extensive financial disclosures—which may or may not constitute the issuance of financial statements—to various other potential purchasers, lenders, and other parties to assist in their due diligence during the same period, but have not maintained detailed records of such disclosures. There may, therefore, be additional parties to whom the Debtors have issued financial statements that are not listed in the Statements.

12. <u>Professional Fee Retainers</u>. In Part 6, Question 11 of the Statements, the Debtors list all payments made related to restructuring or bankruptcy counseling within one year prior to the Petition Date. These payments were treated as advance payment retainers, with each subsequent payment replenishing the applicable advance payment retainer. As such, there were remaining advance payment retainer amounts as of the Petition Date which were subsequently applied, or will be applied, to post-petition services as contemplated by a *Motion for an Order Establishing Procedures for the Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals and Members of the Committee*, pending as of the filing of these Global Notes.

13. <u>Recharacterization</u>. The Debtors have made reasonable efforts to accurately characterize, classify, and designate the claims, assets, executory contracts, unexpired leases, interests, property, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity and integrated nature of the Debtors' operations, the Debtors may not have accurately characterized, classified, categorized, or designated certain items. The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available, including as to the existence of any claim and the executory or unexpired nature (or non-executory or expired nature) of contracts and leases identified herein.

14. <u>Employee Claims</u>. In Part 1, Question 2 of ODI's Schedule E/F, wage/benefit claims and related payroll withholdings and taxes of employees entitled to priority under 11 U.S.C. § 507(a)(4)-(5) are listed in the aggregate amounts owed as of the Petition Date. However, pursuant to the *Order Granting Motion of Debtors (A) for Authority to (I) Pay Certain Prepetition Employee Wages, Salaries and Other Compensation, (II) Pay and Honor Employee Medical and Other Benefits, and (III) Continue Employee Benefit Programs; (B) to Obtain Related Relief; and (C) for Shortened and Limited Notice Thereof* [Docket No. 38], such claims have been paid post-petition, and are therefore categorized as "disputed" claims.

| Fill in this information to identify the case: |
|---|
| Debtor name    TOGI RE I, LLC |
| United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known)   24-05391 |

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☒ *Schedule H: Codebtors* (Official Form 206H)
- ☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    May 13, 2024            X  /s/ Adam Kraber
                                          Signature of individual signing on behalf of debtor

Adam Kraber
Printed name

President
Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors