UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | Case Number: 24-05385 |
| | ) | (Jointly Administered) |
| Oberweis Dairy, Inc., et al. | ) | Chapter: 11 |
| | ) | |
| | ) | Honorable David D. Cleary |
| | ) | SELECT IF OUTLYING AREA |
| Debtor(s) | ) | |

**STIPULATED ORDER RE: RESERVATION OF RIGHTS BY LABRYNTH VENTURES, LLC**

   This matter having come before the Court in connection with the Corrected Order: (a) Approving Sale Process, Including a Stalking Horse Asset Purchase Agreement; (b) Approving Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases; (c) Approving Form Notices; (d) Excusing Page Limit; and (e) Scheduling a Public Auction and a Sale Approval Hearing entered in this case on May 3, 2024 [Dkt. No. 99, the "Sale Procedures Order") for the sale of assets pursuant to, inter alia, section 363 of the U.S. Bankruptcy Code (the "Sale"); the Sale Procedures Order having set a deadline to object to the Sale no later than 5:00 p.m. on June 3, 2024; and this Stipulated Order having been negotiated between Labrynth Ventures, LLC ("Labrynth") and the debtors in the above-captioned jointly administered cases (the "Debtors") in lieu of Labrynth filing such an objection; no objection to entry of this Stipulated Order having been raised or any such objections having been withdrawn or overruled, it appearing based on the arguments of counsel that the relief requested by this Stipulated Order is in the best interests of the Debtors, their estates and their creditors, and other parties in interest, and:

 A. Third Millennium Real Estate L.L.C. ("TM") and Labrynth hereby agree to the following facts:

 i. TM and Labrynth entered into an Agreement For Purchase And Sale Of Real Estate as of June 29, 2007 (the "Labrynth Agreement"), pursuant to which TM purchased certain land and improvements thereon commonly known as 6465, 6467, 6469, and 6485 Lincoln Avenue, Lincolnwood, IL. At that time, 6485 Lincoln Avenue was referred to as the "Chan Parcel" (as the Chan Parcel was leased to Chan's Auto Repair at that time) and 6465, 6467, and 6469 Lincoln Avenue were referred to as the "Vacant Parcels."

 ii. at approximately the same time as the Labrynth Agreement was executed, TM and Labrynth also entered into a Commission Agreement dated June 29, 2007. Pursuant to the Commission Agreement, TM agreed to make certain payments to Labrynth totaling $650,000, subject to terms and conditions set forth therein.

 iii. the Commission Agreement provides that the balance of the $650,000 would be due and payable within three days after the closing on the sale of the Chan Parcel if TM were to sell the Chan Parcel.

 iv. Labrynth contends that Article 2 of the Commission Agreement (entitled BUY-BACK OPTION), provided Labrynth with the right (the "Buy-back Right") to buy the Chan Parcel back from TM under certain terms and conditions. The Buy-back Right was not recorded in the Cook County Recorder's Office or otherwise made a matter of public record with respect to the Chan Parcel or the Vacant

Parcels.

    v. TM and Labrynth entered into a First Amendment to Commission Agreement as of July 27, 2012.

    vi. TM and Labrynth entered into a Second Amendment to Commission Agreement (the "Second Amendment") as of July 2, 2015.

    vii. the Second Amendment contains language suspending the Buy-back Right.

    B. In the Bankruptcy Schedules filed in the TM case, there are only two creditors listed: (a) CIBC Bank USA ("CIBC") as a secured creditor in the amount of $14,214,167; and (b) Labrynth as an unsecured non-priority creditor in the amount of $419,882.62.

    C. In the Bankruptcy Schedules filed in the TM case, the assets listed as being property of TM's bankruptcy estate include: (a) $16,201.35 in TM's operating account at CIBC; (b) $175,000 in accounts receivable; and (c) various real estate (the "TM Real Estate"), which includes the real property sold by Labrynth to TM in 2007, as well as other real property owned by TM in Arlington Heights, IL and in Glenview, IL.

    D. As of the filing of this Stipulated Order, the Debtors have not determined on a final basis, and documents filed in connection with the Sale do not specify: (a) how the purchase price is to be allocated among the assets of the various Debtors; or (b) how much CIBC or other secured creditors are to be paid from each Debtor's estate.

    E. Labrynth's counsel contacted Debtors' counsel to raise certain concerns and informal objections relating to the Sale, including as to the following: (a) the allocation of the purchase price as to the assets being purchased, including what portion of the purchase price will be allocated to the real estate owned by TM and being sold to the Stalking Horse or another bidder; (b) how CIBC's claim will be paid, including what portion of the CIBC claim will be paid out of the TM estate; (c) how much will ultimately be distributed to Labrynth; (d) concerns relating to the possibility that Debtors or other parties in interest may seek to substantively consolidate the estates of TM and one or more of the other Debtors; and (e) the impact upon the Buy-back Right of the sale of the Chan Parcel free and clear of all interests.

    F. This Stipulated Order has been consented to by Debtors, CIBC, and the unsecured creditors' committee appointed in the Oberweis Dairy, Inc. case (the "Committee"), and Labrynth.

    NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

    1. Notwithstanding the Court's approval of the Sale, except as provided in the following paragraph 2, all parties, including Labrynth, reserve and preserve their ability to make arguments in the future with respect to: (a) the allocation of the purchase price as to the assets being purchased, including what portion of the purchase price will be allocated to the real estate owned by TM and being sold to the Stalking Horse or another bidder, including the Chan Parcel; (b) how CIBC's claim will be paid, including what portion of the CIBC claim will be paid out of the TM estate, including the Chan Parcel; (c) how much will ultimately be distributed to Labrynth; (d) an assertion by Labrynth that its claim should be satisfied from sale proceeds allocable to the Chan Parcel; (e) any attempt by Debtors or other parties in interest to substantively consolidate the estate of TM with the estate of one or more of the other Debtors (whether by way of motion, adversary proceeding, or by a Chapter 11 plan of reorganization or liquidation, or otherwise); and (f) the Buy-back Right.

2. Notwithstanding the provisions of the foregoing paragraph 1, any purchaser of the Chan Parcel shall receive the Chan Parcel free and clear of any interest held by Labrynth in the Chan Parcel.

3. Whatever rights Labrynth may have specifically as a result of the termination of the Buy-back Right or otherwise (as to which all arguments are reserved and preserved as provided in paragraph 1 hereof) shall be limited to (i) a claim in an amount not to exceed $419,882.62 against the sale proceeds allocated to the Chan Parcel (after application of such proceeds, if any, to any validly perfected liens thereon as of the Petition Date) and (ii) an unsecured non-priority claim against TM in an amount not to exceed $420,292.22 less any amounts received under subsection (i) of this paragraph.

4. Nothing contained herein shall be deemed a waiver of the Debtors, CIBC, the Committee, other creditors, or any parties in interest to challenge, dispute, or otherwise oppose the assertion of Labrynth's claim or claims in any of the jointly administered cases, including the case of TM.

THE FOREGOING IS HEREBY STIPULATED AND AGREED:

OBERWEIS DAIRY, INC.;
THE OBERWEIS GROUP, INC.;
NORTH AURORA ICE CREAM, LLC;
TOGI RE I, LLC;
THIRD MILLENNIUM REAL ESTATE L.L.C.; and
TOGI BRANDS, LLC

By: /s/ Alexander F. Brougham
One of their Attorneys

CIBC BANK USA

By: /s/ Eric S. Rein
One of its Attorneys

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF OBERWEIS DAIRY, INC.

By: /s/ Steve Jakubowski
One of its Attorneys

LABRYNTH VENTURES, LLC

By: /s/ Howard S. Sher
One of its Attorneys

Enter:

David D. Cleary /JPB

Dated: June 5, 2024                                    United States Bankruptcy Judge

**Prepared by:**

Howard S. Sher, Esq.
JACOB & WEINGARTEN, P.C.
25800 Northwestern Highway, Suite 500
Southfield, MI 48075
(248) 649-1900
Counsel for Labrynth Ventures, LLC

-and-

Howard L. Adelman, Esq.(ARDC# 0015458)
Adam P. Silverman, Esq.(ARDC #6256676)
Alexander F. Brougham, Esq.(ARDC #6301515)
Tevin D. Bowens, Esq.(ARDC #6338559)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
(312) 435-1050
Counsel for the Debtors