**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 24 B 5385 |
| | ) | |
| ODI Oldco, Inc., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge David D. Cleary |

**PRETRIAL ORDER**

The amended motion filed by ODI Oldco, Inc. and related entities ("Debtors") for entry of an order authorizing Debtors to enter into retention bonus agreements with certain non-insider key employees (EOD 157) is set for evidentiary hearing on **September 18, 2024** at **1:00 p.m.** The evidentiary hearing will be held in person at 219 South Dearborn Street, Courtroom 644, Chicago, Illinois 60604. All parties, witnesses and attorneys who are participating in the evidentiary hearing must appear in the courtroom in person.

At the court's discretion, the evidentiary hearing will continue from day to day until completed. Unless modified by the court, the provisions of this order will govern the course of proceedings:

1. **Continuances.** The evidentiary hearing date is firm. No continuance of the date will be granted other than for good cause shown.

2. **Exhibits and Exhibit Lists.**

    **a. Exhibits.** On or before **August 21, 2024**, each party must file with the court and provide to each other a copy of each exhibit the party may use at the hearing for any purpose. Each party must file a declaration or certification that exhibits were filed and provided as required. Each exhibit must be provided electronically as a separate pdf (Adobe Acrobat) file. Parties are responsible for ensuring that each pdf file can be opened successfully. Each exhibit

must be clearly and sequentially numbered in the order of its probable presentation at the hearing. Each document must have a separate exhibit letter or number.

   **b. Exhibit Lists.** Each party must also file on the due date and provide to each other a list of the party's exhibits.

   **c. Objections.** On or before **August 28, 2024**, each party must file and serve a list stating as to each exhibit whether there is an objection to the exhibit's admission. Relevance objections need not be listed and are reserved for the hearing. Any other objection not listed is waived. Any objection as to which a specific ground is not listed is also waived.

   **d. Paper Copies of Exhibits**. On or before **August 21, 2024**, each party must also deliver to chambers two sets of paper copies of their exhibits. Paper copies shall not be filed on the docket.

3. **Witnesses and Witness Lists.** On or before **August 21, 2024**, each party must file with the court and provide to each other a list of all witnesses the party intends to call at the hearing. The list must be divided into two categories: (a) witnesses who *will* be called to testify; and (b) witnesses who *may* be called to testify. For each witness, the list must provide the witness's name, email address, and telephone number as well as a brief description of the subject matter of the witness's testimony.

All experts who will or may be called must be included on the witness list and must be specifically designated as "expert." A brief statement of the topic of each proposed expert's testimony and the expert's report, if any, must be provided.

4. **Joint Pretrial Statement and Brief.**

   **a. Statement.** On or before **September 6, 2024**, the parties must file a joint pretrial statement. Debtors shall initiate the process of preparing the statement. Counsel who

will try the matter and who are authorized to make binding stipulations must confer, prepare and file a signed written pretrial statement. This joint pretrial statement must contain the following:

    i. A brief statement of the nature of the matter, including relevant sections of the Bankruptcy Code;

    ii. The uncontested material facts;

    iii. Each party's positions regarding the disputed factual issues to be determined. Each party must state whether it contends that the statement is accurate, material and relevant, and why;

    iv. Agreed material issues of law, including, but not limited to, the elements of each claim and each defense, with citations to statutes and cases;

    v. A separate statement by each party of disputed material issues of law, including, but not limited to, the elements of each claim and each defense, with citations to statutes and cases;

    vi. A list of each party's witnesses and a summary of the substance of the witnesses' testimony. Witnesses who are not properly listed, including impeachment witnesses, may not be called at the hearing other than for good cause shown. The content of this section shall be identical in substance to the content required by Paragraph 3 of this order. For each witness, opposing parties must set forth, immediately following the summary of the testimony, the legal basis for any objection to the witness testifying; and

    vii. A list of each party's exhibits, and a brief description of the exhibit. For each exhibit, opposing parties must set forth, immediately following the exhibit description, the legal basis for any objection to the exhibit. The content of this section shall be identical in substance to the content required by Paragraph 2 of this order.

    **b. Pretrial Brief.** On or before **September 6, 2024**, each party shall file a pretrial brief.

**5. Courtroom Formalities.** No one except a person that the court directs may record the audio or video of the evidentiary hearing, in accordance with Local Bankruptcy Rule 5073-1. Formalities of a courtroom will be observed. Participants must dress appropriately and must conduct themselves in a suitable manner.

**6. Failure to comply**. The court may, *inter alia*, exclude evidence, bar witnesses, postpone the hearing, impose sanctions, grant or deny a motion, or sustain or overrule an objection for failure to comply with any provision of this order.

                ENTERED:

Date: July 17, 2024

                _____
                DAVID D. CLEARY
                United States Bankruptcy Judge