# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ODI Oldco, Inc., *et al.*,[1] | : | Case No.: 24-05385 |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Hon. David D. Cleary |
| | : | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on Wednesday, **December 10, 2025**, at **10:00 a.m. CT**, we will appear before the Honorable David D. Cleary, or any judge sitting in that judge's place, either in courtroom 644 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, 60604 **or** electronically as described below, and present the **MOTION FOR ENTRY OF AN ORDER ALLOWING FOR THE ADVANCEMENT AND PAYMENT OF DEFENSE COSTS OF INSUREDS PURSUANT TO D&O POLICY**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457**, and the passcode is **Cleary644**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: November 25, 2025

/s/ *Daniel R. Brown*
Daniel R. Brown
Williams Barber & Morel Ltd.

---

[1] The Debtors in this case are ODI Oldco, Inc., f/k/a Oberweis Dairy, Inc.; TOGI Oldco, Inc., f/k/a The Oberweis Group, Inc.; North Aurora Ice Cream, LLC; TOGI RE I, LLC; Third Millennium Real Estate L.L.C.; and TOGI Brands, LLC.

233 S. Wacker Drive, Suite 6800<br>
Chicago, Illinois 60606<br>
Telephone: (312) 443-3200<br>
Email: drb@williamsbarbermorel.com<br>
<br>
*Attorney for James D. Oberweis, James W. Oberweis, Julie Oberweis, and Joseph Oberweis*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on November 25, 2025, at or before 11:59 p.m.

By: */s/ Daniel R. Brown*

## SERVICE LIST

**VIA CM/ECF**

- Patrick Layng, U.S. Trustee for Region 11;
- Steve Jakubowski and Carolina Sales, counsel for the Official Committee of Unsecured Creditors;
- Howard Adelman, Alexander Brougham, and Adam Silverman, counsel for the Debtors
- Eric S. Rein and Nathan Delman, counsel for CIBC Bank USA;
- Elise Frejka, Consumer Privacy Ombudsman;
- Bryan Minier, counsel for Hoffmann Dairy LLC;
- Charles Stahl, Jr., counsel for Associated Material Handling Solutions, Inc.;
- R. Scott Alsterda, counsel for Ecolab, Inc;
- Joseph Allen Archambeau and Travis Eliason, counsel for TSC Equipment Finance LLC and AMS Mechanical Systems, Inc.;
- Debra Devassy Babu, counsel for Wells Fargo Equipment Finance, Inc.;
- Aaron Chapin, counsel for BMO Bank N.A.;
- Bryan Minier and Robert Jeffrey Haupt, counsel for Osprey Capital, LLC;
- Jeffrey Kurtzman, counsel for Wheaton Plaza Wheaton IL LLC;
- Justin Mertz, counsel for Foremost Farms USA;
- Raymond Ostler, counsel for Associated Electrical Contractors, LLC;
- Richard Perna, counsel for Park Ridge Plaza, LLC;
- Paul Poracky, counsel for Schererville Main Street, LLC;
- Edmund G. Urban, counsel for Urban Communications, Inc.;
- Eric von Helms, counsel for Banc of America Leasing & Capital, LLC;
- Amy Aronson counsel for Harris Properties, LLC;
- Timothy Hughes, counsel for Dough Makers Pro, LLC;
- Cari Kauffman, counsel for AmeriCredit Financial Services, Inc.;
- Jeffrey Richardson, counsel for Investment Partners, LLC;

2

- Elisabeth Von Eitzen, counsel for Daimler Truck Financial Services USA LLC; and
- Wojciech Jung, counsel for The Travelers Indemnity Company.

**VIA REGULAR U.S. MAIL**

| | | |
|---|---|---|
| 1836 Farms<br>1149 S. Virginia Street<br>Terrell, TX 75160 | Altium Packaging<br>2500 Windy Ridge<br>Parkway, Suite 1400<br>Atlanta, GA 80339 | Cook County Treasurer<br>118 N. Clark Street, Unit 112<br>Chicago, IL 60602 |
| Greco & Sons<br>c/o Jack Lundstedt<br>655 Buttercup Terrace<br>Johns Creek, GA 30022 | Hiretech<br>200 Westlake Park Blvd., #501<br>Bartlett, IL 60103 | International Food Products<br>MSC 7592, PO Box 415000<br>Nashville, TN 37241-7592 |
| Katie's Pizza & Pasta, LLC<br>c/o Doster Nations Ullom & Boyle, LLC<br>16150 Main Circle Drive, Suite 250<br>Chesterfield, MO 63017 | Nussbaum Transportation Services<br>19336 N. 1425 E. Road<br>Hudson, IL 61748 | Pearl Valley Farms, Inc.<br>c/o Ray Baker<br>968 S. Kent Road<br>Pearl City, IL 61062 |
| Penske Truck Leasing Company L.P.<br>PO Box 563<br>Reading, PA 19603 | Plymouth Foam Inc.<br>1800 Sunset Drive<br>Plymouth, WI 53073 | QCS Purchasing Cooperative<br>901 Warrenville Road, Unit 405<br>Lisle, IL 60532 |
| RSM McGladrey<br>5155 Paysphere Circle<br>Chicago, IL 60674 | Senscient Flavors<br>2800 W. Higgins Road<br>Hoffman Estates, IL 60169 | St. Charles Trading<br>1400 Madeline Lane<br>Elgin, IL 60124 |
| Stanpac<br>c/o Adriana Lopez<br>801 Mangrum Street<br>Brenham, TX 77833 | Tocco-Greco<br>38 Mueller Road, Suite 200<br>St. Charles, MO 63301 | Trico Mechanical Inc.<br>1980 Route 30, Suite 11<br>Sugar Grove, IL 60554 |
| Labrynth Ventures, LLC<br>c/o Howard Sher<br>Jacob & Weingarten<br>25800 Northwestern Hwy, #500<br>Southfield, MI 48075 | | |

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ODI Oldco, Inc., *et al.*,[2] | : | Case No.: 24-05385 |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Hon. David D. Cleary |
| | : | |

**MOTION FOR ENTRY OF AN ORDER ALLOWING FOR THE ADVANCEMENT AND PAYMENT OF DEFENSE COSTS OF INSUREDS PURSUANT TO D&O POLICY**

James D. Oberweis, James W. Oberweis, Julie Oberweis, and Joseph Oberweis (together, the "Movants") submit this motion (the "Motion") for entry of an order, substantially in the form filed herewith (the "Proposed Order"), pursuant to sections 105(a) and 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules (the "Local Rules"), modifying the automatic stay, to the extent it applies, and permitting Travelers (defined below), the directors' and officers' liability insurer, to make payments, including the advancement of defense costs, in accordance with certain directors and officers' liability insurance policies to, or on behalf of, the Movants in connection with the Covered Claims (defined below).

The Movants conferred with counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors prior to filing this Motion to see if they had any objection. The Debtors do not object and take no position on the relief requested in this Motion. The Committee also does not object to the requested relief.

---

[2] The Debtors in this case are ODI Oldco, Inc., f/k/a Oberweis Dairy, Inc.; TOGI Oldco, Inc., f/k/a The Oberweis Group, Inc.; North Aurora Ice Cream, LLC; TOGI RE I, LLC; Third Millennium Real Estate L.L.C.; and TOGI Brands, LLC.

In support of the Motion, the Movants, by and through their undersigned counsel, respectfully state as follows:

## PRELIMINARY STATEMENT

After the Debtors filed these chapter 11 cases and the Official Committee of Unsecured Creditors (the "Committee") was formed, counsel for the Committee sent a memorandum to counsel for the Movants in which the Committee asserted various claims against the Movants. The claims asserted by the Committee have required, and will continue to require, the Movants to incur legal fees and related expenses. Because, on account of these bankruptcy cases, the Debtors cannot advance such defense costs to the Movants, the Movants need to access a directors' and officers' liability insurance policy to fund their defense. The insurance policy at issue exists for this very purpose.

The Movants have provided proper notice of the Committee's alleged claims against them to the insurer pursuant to the terms of the policy. The Movants have been informed that the insurer requires an order from this Court authorizing the insurer to advance defense costs prior to making payments under the policy. Accordingly, the Movants bring this Motion for entry of an order modifying the automatic stay, to the extent it applies, to permit the insurer to pay the Movants' defense costs.

As explained herein, Movants believe the proceeds of the policy are not property of the estate and not subject to the automatic stay. But, even to the extent the stay does apply to any portion of the proceeds of the policy, ample justification exists for modifying the stay to permit Movants to seek and obtain payment of their defense costs from the policy. Movants would be significantly prejudiced if the stay is not modified. The policy exists for the very purpose of funding Movants' legal defenses, and any uncertainty concerning the availability of the policy's proceeds would severely hinder their ability to effectively defend against the claims alleged by the

Committee. In contrast, the Debtors' estates are not prejudiced because they do not have a present need for coverage.

Movants all have retained the same counsel to represent them in connection with the Committee's potential claims, and they are committed to coordinating with one another, wherever possible, in order to make the most efficient use of the proceeds of the policy in mounting a defense.

The primary purpose of directors' and officers' liability insurance is to protect a company's directors and officers. Such coverage is intended to enable directors and officers to defend themselves. Not permitting the Movants to access much-needed coverage at this time would undermine this purpose and severely prejudice the Movants' ability to set forth a fulsome defense to the claims against them. Accordingly, and for the reasons set forth herein, the Motion should be granted.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b).

The legal predicate for the relief requested herein are Bankruptcy Code sections 105(a) and 362(d)(1), Bankruptcy Rules 4001 and 9014, and Local Rule 4001-1.

## RELEVANT BACKGROUND

A. **The Bankruptcy Cases**

On April 12, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"), which are being jointly administered. The Debtors continued to operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code

6

until June 7, 2024, when the Court approved the sale of substantially all of the assets of the Debtors' business pursuant to section 363 of the Bankruptcy Code. [Dkt. No. 231].

On April 19, 2024, the Office of the United States Trustee appointed the Committee. [Dkt. No. 45]. No request for a trustee or examiner has been made in these Chapter 11 Cases.

**B.      The D&O Insurance Policy**

In the ordinary course of its business, Debtor The Oberweis Group, Inc., now known as TOGI Oldco Inc. ("TOGI"), obtained a directors' and officers' liability insurance policy to protect its directors and officers. Specifically, TOGI maintains a Private Company Directors and Officers Liability insurance policy (the "D&O Policy") issued by Travelers Casualty and Surety Company of America ("Travelers"). The D&O Policy has a coverage limit of $3 million. This limit is shared, in the aggregate, with Employment Practices Liability coverage and Fiduciary Liability coverage also issued by Travelers pursuant to a single insurance contract that contains the D&O Policy and all other coverages provided by Travelers (the "Insurance Contract").[3] A copy of the Insurance Contract is attached hereto as Exhibit A.

The D&O Policy is a "claims-made"[4] policy covering the period from July 1, 2023, through July 1, 2024, with a continuity date going back to April 1, 2011 (the "Covered Period"), and an extended reporting period lasting through June 16, 2025. The D&O Policy, generally, requires Travelers to pay for losses incurred by TOGI's current and former directors and officers arising from claims against them for alleged acts or omissions that occurred during the Covered Period, so long as TOGI is not providing indemnification for such losses. The D&O Policy also imposes

---

[3] The Insurance Contract also includes Crime coverage, but this coverage does not share the aggregate $3 million limit and instead has separately scheduled limits.

[4] Generally speaking, a "claims-made" policy is an agreement by the insurer to indemnify the insured against all claims made during the policy period for alleged acts committed or attempted prior to the policy expiration (or within some other specified period).

7

upon Travelers a duty to defend against such claims, including advancement of defense costs. The D&O Policy thus ensures that directors and officers will be protected from the financial burden associated with their involvement in, and defense against, covered legal proceedings.

**C.     The Movants and the Covered Claims**

The Movants are or were directors and/or officers of TOGI during the relevant time period. James D. Oberweis was a director of TOGI until October 2022. Joseph Oberweis was a director and the CEO of TOGI from 2007 until he resigned from all positions with the Debtors in May 2023. James W. Oberweis and Julie Oberweis were appointed as directors of TOGI in October 2022 and presently serve as TOGI's only directors.

On May 7, 2025, counsel for the Committee sent counsel for the Movants a memorandum (the "Committee Claim Memo") in which counsel for the Committee alleged, among other things, that Movants had breached their fiduciary duties to TOGI in connection with authorizing certain transactions that occurred in 2021 and 2023, including approving certain tax-related distributions to TOGI's shareholders and the acquisition of certain real estate from an entity owned or controlled by certain of the Movants (the claims alleged in the Committee Claim Memo, together with any other claims, investigations, and causes of action, whether currently pending or brought in the future, with which Movants are or may be entitled to coverage under the D&O Policy, for defense costs, any judgment or settlement, or otherwise, the "Covered Claims").[5]

**D.     Events Leading to This Motion**

As directors and officers of TOGI during the Covered Period, the Movants are entitled to indemnification for, and advancement of, expenses—including attorneys' fees—under TOGI's

---

[5] The Movants neither admit any liability nor do they waive any defenses to the Covered Claims, including any claims that may be raised in the Chapter 11 Cases or otherwise. The Movants reserve all rights and defenses to the extent applicable to them under the D&O Policy and applicable law.

8

bylaws and other applicable law. TOGI, however, has informed the Movants that, as a debtor in chapter 11, it cannot advance any defense costs to or on behalf of the Movants with respect to the Covered Claims. As a result, the Movants seek payment directly from the D&O Policy to cover the expenses they incur in responding to the Covered Claims.

The Movants have submitted claim notices to Travelers. Travelers has advised that it requires an order from this Court authorizing it to advance defense costs under the D&O Policy. Movants, therefore, request that the Court enter an order modifying the automatic stay, to the extent necessary, to allow the Movants to receive such payments and thus carry out the primary purpose of the D&O Policy.

## BASIS FOR THE RELIEF REQUESTED

Absent coverage under the D&O Policy, the Movants would be substantially prejudiced in mounting effective defenses of the Covered Claims because of the uncertain status of the D&O Policy, undermining the very purpose of the D&O Policy. Accordingly, the Movants seek entry of the Proposed Order to permit Travelers to make the payments required by the D&O Policy.

**I.      The Movants Are Entitled to Coverage Under the D&O Policy.**

In determining whether an insurance policy issued to a debtor is "property of the estate" under section 541 of the Bankruptcy Code, case law distinguishes between ownership of the *policy* and ownership of the *proceeds* of the policy (*i.e.*, the payments made by the insurer pursuant to the insurance policy). *See*, *e.g.*, *Maxwell v. Megliola (In re marchFIRST, Inc.)*, 288 B.R. 526, 529-30 (Bankr. N.D. Ill. 2002) ("There is no question that the policies themselves are estate property," but "[t]his Court agrees that the proceeds are not property of the estate.").

Even if the debtor has an interest in the policy proceeds, any such interest has not matured and may never mature, and such proceeds are not property of the estate. Instead, the insurer reserves its rights, and "[n]o one has a property interest in the proceeds of the insurance policies

unless and until there is a judgment requiring that the insurers issue payment." *Id.* at 530. *See also Mazzolin v. Lehman Bros. Real Estate Fund III, Ltd. P'ship,* No. 11 C 953, 2012 U.S. Dist. LEXIS 9247 (N.D. Ill. Jan. 25, 2012) ("[T]he insurance company is advancing defense costs subject to a reservation of rights. It is not apparent that the proceeds from the policy will ever become property of the [debtor's] estate.").

Moreover, where a debtor is also an insured under a policy, but the debtor's potential claim against the policy is speculative or hypothetical, courts hold that the proceeds of that policy are not property of the estate. *See, e.g., In re Downey Fin. Corp.*, 428 B.R. 595, 607 (Bankr. D. Del. 2010) ("Where a liability insurance policy includes entity coverage, but there are no covered [claims] outstanding, courts have generally held that the insurance proceeds are not property of the estate."); *In re World Health Alternatives, Inc.*, 369 B.R. 805, 810 (Bankr. D. Del. 2007) (courts "have found that insurance policy proceeds are not property of the estate where a debtor is covered for indemnification, but indemnification 'either has not occurred, is hypothetical, or speculative'"); *In re Allied Digital Techs., Corp.*, 306 B.R. 505, 512 (Bankr. D. Del. 2004) ("[W]hen the liability policy provides the debtor with indemnification coverage but indemnification either has not occurred, is hypothetical, or speculative, the proceeds are not property of the bankruptcy estate.").[6]

Here, the Debtors' present need for coverage under the Insurance Contract—which includes a shared aggregate limit for the D&O Policy, Employment Practices Liability coverage, and Fiduciary Liability coverage—is hypothetical and speculative. Only one claim has been alleged against the Debtors that would implicate coverage under the Insurance Contract, and the

---

[6] A debtor's potential claim against a D&O policy vis-à-vis its (potential) status as a plaintiff against the insureds is insufficient to make the policy's proceeds property of the debtor's estate. *See, e.g., In re CHS Elecs., Inc.*, 261 B.R. 538, 544 (Bankr. S.D. Fla. 2001) ("Proceeds which [trustee] seeks to protect to satisfy his claims if he obtains a judgment against the officers and directors are not property of the estate.").

10

claimant no longer has any right to pursue it. There are no other claims alleged against any of the Debtors that implicate coverage under the Insurance Contract.

The only, now-invalid claim against the Debtors was asserted by a former employee, Joseph Bobbitt, against Debtor Oberweis Dairy, Inc., now known as ODI Oldco, Inc. ("ODI"), for alleged employment discrimination by ODI regarding Mr. Bobbitt's disability. On November 19, 2023, Mr. Bobbitt filed a claim for the alleged discrimination with the Indiana Civil Rights Commission and the U.S. Equal Employment Opportunity Commission (the "EEOC"). A copy of Mr. Bobbitt's claim form is attached hereto as Exhibit B. On March 26, 2025, the EEOC sent Mr. Bobbitt a Dismissal and Notice of Rights, explaining that the EEOC was "closing" Mr. Bobbitt's claim because ODI is in bankruptcy. A copy of the EEOC Dismiss and Notice of Rights is attached hereto as Exhibit C. The EEOC informed Mr. Bobbitt that he had the right to file a lawsuit against ODI for his alleged claim, but the deadline to file the lawsuit was within 90 days of the notice. Ex. B. As the EEOC explained, "Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days."

The 90-day time limit for suing ODI for the alleged discrimination—allowing three additional days for mailing—expired on June 27, 2025. A review of court records on PACER and Lexis Courtlink show no lawsuit has been filed by Mr. Bobbitt against any of the Debtors in the Federal Courts for the Northern District of Illinois, the Northern District of Indiana, or the Southern District of Indiana, or in the state courts of Cook or Kane County, Illinois, or Marion County, Indiana (the county where Mr. Bobbitt resides and where he worked for ODI, per his filed claim). *See* Declaration of Daniel Brown, attached hereto as Exhibit D. Mr. Bobbitt has not filed a claim against any of the Debtors, and has not moved to lift or modify the automatic stay to allow him to

11

file suit against any of the Debtors. Ex. D. Mr. Bobbitt no longer has the right to bring any claims against ODI or any of the Debtors and has made no attempt to assert any such claims.

The extended reporting period for claims under the Insurance Contract terminated on June 16, 2025, and no claims have been reported—other than the claims by the Movants. As a result, no party in interest, including the Debtors' former employees and the Committee, have alleged any claims against the Debtors that would trigger any coverage under the Insurance Contract, other than the Covered Claims against the Movants. Any claims to the Insurance Contract proceeds are thus hypothetical and speculative, meaning the proceeds of the policies contained therein are not property of the Debtors' estates. Further, the Debtors and the Committee do not object to this Motion. The Court should therefore enter an order authorizing Travelers to use the D&O Policy proceeds to advance and pay the Movants' defense costs as required under the D&O Policy.

## II. "Cause" Exists to Modify the Automatic Stay.

Even if the D&O Policy or its proceeds are property of the Debtors' estates, cause exists to modify the automatic stay to permit Travelers to advance defense costs for the Covered Claims.

Under section 362 of the Bankruptcy Code, the Court shall grant relief from the automatic stay upon the request of a party in interest for "cause." 11 U.S.C. § 362(d). "'Cause' as used in § 362(d) has no clear definition and is determined on a case-by-case basis." *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (citations and quotation marks omitted). Bankruptcy courts consider the factors articulated by the Second Circuit in *In re Sonnax Indus., Inc.*, 907 F.2d. 1280 (2d Cir. 1990), to determine whether cause exists to modify the automatic stay.[7] Not all of

---

[7] The twelve *Sonnax* factors are as follows:
   (i)     whether relief would result in a partial or complete resolution of the issues;
   (ii)    lack of any connection with or interference with the bankruptcy case;
   (iii)   whether the other proceeding involves the debtor as a fiduciary;
   (iv)   whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

the *Sonnax* factors will be relevant in every case and the Court need not give equal weight to every factor. *See In re Enron Corp.*, 306 B.R. 465, 476 (Bankr. S.D.N.Y. 2004). The Movants submit that the second and twelfth factors are relevant here.

As to the second factor (the lack of any connection with or interference with the bankruptcy case), granting the requested relief will not result in any interference with the bankruptcy case. The advancement of defense costs is critical to the Movants' ability to present defenses to the Covered Claims. In fact, granting the requested relief may benefit the Debtors' estates. Travelers has confirmed that it has a duty to defend the Movants against the Committee's alleged claims. Two of the Movants remain as TOGI's only directors. Absent the assurance that the D&O Policy is protecting them, their attention may be diverted from winding up the Debtors' Chapter 11 Cases, to the detriment of the estates' creditors.

In addition to the second factor, the twelfth *Sonnax* factor (the impact of the stay on the parties and the balance of harm) is of significant relevance, deserves substantial weight, and weighs in favor of modifying the automatic stay.

If the Court authorizes Travelers to advance defense costs in accordance with the D&O Policy, the Debtors' estate will suffer no prejudice. There are no pending or contemplated claims

---

(v) whether the debtor's insurer has assumed full responsibility for a defense;
(vi) whether the action primarily involves third parties;
(vii) whether litigation in another forum would prejudice the interests of other creditors;
(viii) whether the judgment claim arising from the other action is subject to equitable subordination;
(ix) whether the Movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(x) the interests of judicial economy and the expeditious and economical resolution of litigation;
(xi) whether the parties are ready for trial in the other proceeding; and
(xii) the impact of the stay on the parties and the balance of harms.

*Sonnax Indus.*, 907 F.2d at 1286.

13

against the Debtors that implicate coverage under the Insurance Contract. Thus, the Debtors do not appear to have a present interest in the proceeds of the D&O Policy or the Insurance Contract.

In contrast, the Movants would be severely prejudiced if they are not able to draw on insurance proceeds to fund their defense. *See In re MF Glob. Holdings Ltd.*, 469 B.R. 177, 192-93 (Bankr. S.D.N.Y. 2012) ("Lifting the automatic stay to permit [the insurer] to advance defense costs on behalf of the Individual Insureds would not severely prejudice the Debtors estates. But the failure to do so would significantly injure the Individual Insureds, whose defense costs are covered by the [insurance policies]."); *see also Allied Digital*, 306 B.R. at 514 (stating that "[w]ithout funding, the Individual Defendants will be prevented from conducting a meaningful defense to the [] claims and may suffer substantial and irreparable harm").

In similar cases, where the directors and officers would suffer great harm absent relief and the debtor would suffer no meaningful harm if relief were granted, bankruptcy courts have lifted and/or modified the automatic stay to allow insurers to provide defense coverage to individual insureds such as the Movants. *See, e.g., In re MF Glob. Holdings Ltd.*, 469 B.R. at 196; *Allied Digital*, 306 B.R. at 514; *In re Beach First Nat'l Bancshares, Inc.*, 451 B.R. 406, 411 (Bankr. D.S.C. 2011); *In re Laminate Kingdom, LLC*, Case No. 07010279, 2008 WL 1766637, at *4 (Bankr. S.D. Fla. Mar. 13, 2008) ("[N]umerous courts have granted relief from the automatic stay to permit the advancement of defense costs to a debtor's officers and directors – even though the insurance policies also provided direct coverage to the debtor."); *see also In re Valeritas Holdings, Inc.*, Case No. 20-10290, ECF No. 578 (Bankr. D. Del. Nov. 22, 2022); *In re Garrett Motion Inc.*, Case No. 20-12212, ECF No. 1114 (Bankr. S.D.N.Y. (April 16, 2021); *In re Sears Holdings Corp.*, No. 18-23538, ECF No. 5382 (Bankr. S.D.N.Y. Oct. 16, 2019); *In re Relativity Fashion, LLC*, No. 18-11358, ECF No. 604 (Bankr. S.D.N.Y. Nov. 19, 2018); *In re Enron Corp.*, No. 01-16034, 2002

WL 1008240, at *1 (Bankr. S.D.N.Y. May 17, 2002). As the court stated in the MF Global bankruptcy case, "reasonable defense costs should be paid on behalf of the [i]ndividual [i]nsureds whether or not the policy proceeds are property of the estates." *In re MF Glob. Holdings Ltd.*, 469 B.R. at 187.

For these reasons, the Debtors and their estates will not be harmed by entry of the Proposed Order, but if the Movants are not granted the requested relief, they will be severely prejudiced. Reflecting that reality, the Movants understand that the Debtors and the Committee do not object to the relief requested. The Movants, therefore, respectfully submit that "cause" exists to grant relief from the automatic stay, to the extent applicable, to permit Travelers to advance and pay defense costs to or on behalf of the Movants under the D&O Policy.

## WAIVER OF BANKRUPTCY RULE 4001(a)(3)

Given the nature of the relief requested herein, the Movants respectfully request a waiver of the 14-day stay under Bankruptcy Rule 4001(a)(3). Pursuant to Bankruptcy Rule 4001(a)(3), "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." For the reasons described above, the relief requested is essential to prevent harm to the Movants.

## NOTICE

Notice of this Motion has been provided as follows: (i) by electronic service through the Court's CM/ECF system to all registered users in this Chapter 11 case; and (ii) by U.S. Mail to the parties listed on the Certificate of Service filed concurrently herewith. The Certificate of Service reflects service on the Office of the United States Trustee for Region 11, counsel for the Official Committee of Unsecured Creditors, counsel for the Debtors, counsel for The Travelers Indemnity Company, all parties who have filed a request for notice pursuant to Bankruptcy Rule 2002, and

additional creditors served by mail. Movants submit that such notice is sufficient and appropriate under Bankruptcy Rule 4001(a) and the circumstances of these Chapter 11 cases.

Dated: November 25, 2025  /s/ Daniel R. Brown
Daniel R. Brown
Williams Barber & Morel Ltd.
233 S. Wacker Drive, Suite 6800
Chicago, Illinois 60606
Telephone: (312) 443-3200
Email: drb@williamsbarbermorel.com

*Attorney for James D. Oberweis, James W. Oberweis, Julie Oberweis, and Joseph Oberweis*